LEDBETTER et ux. v. WRIGHT. (No. 727.)

Court of Civil Appeals of Texas. Waco. Jan. 24, 1929.

House & Wilson, of Dallas, for appellants. John W. Pope and J. Lee Zumwalt, both of Dallas, for appellee.

BARCUS, J. On appellants' motion for rehearing we have withdrawn the original opinion in this case affirming the judgment of the trial court, and substitute the following:

On February 15, 1921, Mrs. M. M. Ledbetter, by warranty deed, conveyed 52 acres of land in Dallas county to her son, R. L. Ledbetter, for a recited consideration of $2,500 in cash and one note for $3,500, payable one year after date, and at the same time transferred said note to the United Homebuilders of America. On the same day R. L. Ledbetter and wife, appellants herein, executed their seven notes, payable in one to seven years, to the said United Homebuilders of America for a total sum of $3,280, in lieu and in extension of the $3,500 note which R. L. Led-

better had given to his mother in part payment for said land, and executed a deed of trust to secure the payment of said notes. In 1923, the United Homebuilders of America was placed in the hands of appellee as receiver to wind up its affairs. Appellants brought this suit to cancel the deed executed by Mrs. Ledbetter to her son, R. L. Ledbetter, and to cancel the deed of trust and notes they executed to the United Homebuilders of America. They alleged that, at the time her deed was executed, appellant R. L. Ledbetter, the son of Mrs. M. M. Ledbetter, together with two or three of the agents of the United Homebuilders of America, perpetrated a fraud upon Mrs. Ledbetter and induced her to execute said deed; that the said Mrs. Ledbetter did not receive any consideration therefor, but that the money received from the lien obtained on said land was retained by her son, R. L. Ledbetter. They alleged further that Mrs. Ledbetter at that time was a very old woman, and that in 1927 she died. Appellants alleged that R. L. Ledbetter was the only heir and that there was no administration pending and no necessity for any administration on the estate of Mrs. Ledbetter.

Appellants alleged in an alternative plea that, if they were not entitled to set the deed to R. L. Ledbetter and the notes aside by reason of the fraud which he had helped to perpetrate on his mother, then they asked the deed of trust lien and vendor's lien be canceled, on the theory that in 1917, four years before the alleged fraudulent deed was obtained from Mrs. Ledbetter, she had conveyed by warranty deed said property to them, and that they had gone immediately into possession of said property and had at all times occupied same as their homestead, and that they were so occupying same when said lien was attempted to be placed on said property. They alleged that the United Homebuilders of America had actual knowledge of the existence of the deed of 1917 and of its having been executed and delivered to them and of the fact that the property constituted and was occupied by them as their homestead at the time and before it made the loan on said property in 1921, and that by reason thereof said attempted lien was void.

In reply to appellants' pleadings appellee alleged that he was the duly appointed receiver of the United Homebuilders of America, and asked for a foreclosure of the deed of trust lien on the property against appellants and for an order of sale. The cause was tried to a jury, and, at the conclusion of the testimony, the court instructed the jury to return a verdict for appellee for the amount of the notes, principal, interest, and attorney's fees, together with a foreclosure of its lien.

■ Appellants contend by a number of assignments that the trial court was in error in striking out that portion of their pleading which sought to set aside the deed of date February 15, 1921, from Mrs. Ledbetter to R. L. Ledbetter, and the deed of trust from R. L. Ledbetter and wife to the United Homebuilders of America, by reason of the alleged fraud. We do not think this was error. It is a well-settled principle of law that he who seeks equity must do equity and must come into a court of equity with clean hands. Appellant alleged that the fraud which was perpetrated on his old mother was participated in by him. He alleged further that, as a result of said fraud, he obtained from his mother the record title to the land, and from the United Homebuilders of America $2,400 in cash. He did not offer to deed back the land to his mother, or to her estate. Neither did he offer to return to the United Homebuilders the $2,400 which he received in cash. Appellant, having himself participated in the alleged fraud, is in no position to have the instruments canceled by reason of said fraud. Especially is this true when he did not offer to return the ill-gotten gains.

■ Appellants complain of the action of the trial court in refusing to permit them to testify that in 1917, their mother, Mrs. Ledbetter, executed and delivered to them a joint deed to the land in controversy, in consideration of their taking care of her for the remainder of her days, and, in refusing to permit them to testify that, at the time the deed was executed by Mrs. Ledbetter to R. L. Ledbetter in 1921, they had said deed of 1917, which had not been recorded, in their possession, and that they exhibited same to the executive officers of the United Homebuilders of America, who were negotiating the loan; and in refusing to permit them to testify that the deed in 1921 was executed for the purpose of attempting to fix a lien upon their homestead, and in refusing to permit them to testify that the property in question had been, since 1917 up to the time of the trial, their homestead. The only objection made to said testimony was that same was irrelevant and immaterial and tended to vary the terms of the written instruments, and because appellants, by having accepted the deed in 1921 from Mrs. Ledbetter to said property, were estopped from claiming any rights under or by virtue of the deed executed and delivered to them in 1917. We think the court was in error in sustaining the objections made to said testimony and by reason thereof excluding same. Appellants by said proffered testimony offered to show that the executive officers of the United Homebuilders had actual knowledge of the existence of said deed to them and had actual knowledge of the fact that the property constituted their homestead. If these facts are true, then the United Homebuilders would not be an innocent holder of said notes for value, and the receiver thereof would have no better rights in re-

spect thereto than the United Homebuilders. Under their pleadings, appellants had the right, if they could, to show that the land had been·conveyed to them in 1917, and that they had occupied same as their homestead since said time, and that the property constituted their homestead. If as a matter of fact the land was the homestead of and was occupied by appellants in 1921, when the lien was placed thereon, and the United: Homebuilders of America, who made the loan, knew said facts, the deed of trust and vendor's lien were and are absolutely void. The trial court should have admitted said testimony, and then, under proper instructions, submitted said issues to the jury. There is nothing more firmly established by the decisions of our courts than that no lien can be placed upon a homestead except for the purposes and in the manner provided by subdivision 50 of article 16 of the State Constitution.

Appellee contends that he, as receiver for the United Homebuilders of America, is an innocent purchaser for value of the assets of said association for the benefit of the creditors thereof, and that appellants ·are by reason thereof estopped from denying the validity of the lien. We do not think this position is maintainable. It seems to be the well-established rule of law that, to constitute an innocent purchaser, there must be a purchase for a valuable consideration, in good faith and without notice, actual or constructive, of any defects in the title to property purchased, whether real or personal. Lipsitz v. Rice (Tex. Civ. App.) 233 S. W. 594; Houston Oil Co. v. Hayden, 104 Tex. 175, 135 S. W. 1149. The receiver in this case stands in no better position with reference to being an innocent purchaser than the United Homebuilders of America would have been if it had brought the suit in its own name.

Appellants' motion for rehearing is granted, the original opinion rendered in this case is withdrawn, and this opinion is substituted in lieu thereof. ·For the error indicated, the judgment of the trial court is reversed, and the cause is remanded.