### LEDBETTER et al. v. WRIGHT.
#### No. 10659.

Court of Civil Appeals of Texas. Dallas.
Nov. 29, 1929.
On Rehearing Jan. 4, 1930.

See, also, 13 S.W.(2d) 388.

House & Wilson, of Dallas, for appellants.
John W. Pope, of Dallas, for appellee.

JONES, C. J.

This suit was instituted in a district court of Dallas county by appellants, Mrs. Louise Ledbetter and R. L. Ledbetter, husband and wife, as substitute plaintiffs for Mrs. M. M. Ledbetter, deceased, against G. G. Wright, receiver of the United Home Builders of America, to cancel a deed of conveyance to thirty-seven acres of land purported to be executed by Mrs. M. M. Ledbetter to R. L. Ledbetter, of date February 15, 1921, reciting a consideration of $6,000 paid and to be paid by R. L. Ledbetter, $2,500 of which to be paid in cash, and $3,500 represented by a vendor's lien note, the deed retaining a vendor's lien on the land securing its payment, and to cancel an assignment of same date of said vendor's lien and note by Mrs. M. M. Ledbetter to the United Home Builders of America, and to cancel the vendor's lien retained by the deed, and also a deed of trust on the same land, executed on March 9, 1921, by appellants to E. Godbold, trustee for the United Home Builders of America, to secure payment of the note.

Appellee denied the existence of the facts alleged for cancellation of the various instruments, and by cross-action sought to recover the balance due on the indebtedness created by the execution of the note, and to foreclose the deed of trust lien. The trial was to a jury, but, at the conclusion of the evidence, the court, on motion of appellee, gave peremptory instructions against appellants on all of the affirmative relief they sought, and in favor of appellee for the amount of the alleged indebtedness and a foreclosure of the deed of trust lien on thirty-seven acres of land located in Dallas county, and described by the deed of conveyance and the deed of trust.

From this judgment appellants have duly perfected an appeal. The facts necessary for an understanding of the issues involved on this appeal are as follows:

■ The instruments creating the lien and vesting same in the United Home Builders of America are regular on their face, and, unless the defenses pleaded by appellants are shown to exist, they sustain the judgment of the trial court. The only assignment of error that can be considered by this court is that the court erred in giving peremptory instructions in favor of appellee, because the evidence clearly raised an issue of the validity of the conveyance, creating the lien, and the validity of all the other instruments executed by virtue of the conveyance.

Appellants testified: That they were married July 23, 1917, a few weeks after the death of W. O. Ledbetter, the husband of Mrs. M. M. Ledbetter and father of appellee R. L. Ledbetter. That on their marriage they made their home at once with Mrs. M. M. Ledbetter. That about the 1st of August, 1917, Mrs. M. M. Ledbetter gave them a dinner, to which she invited some neighbors as guests. That during this dinner she produced a deed to the thirty-seven acres of land involved in this suit, calling the guests to witness the fact that she had deeded this land to her son, R. L. Ledbetter, in consideration of the fact that she was old and that they would take charge of the land and take care of her for the remainder of her life. The deed was then delivered to R. L. Ledbetter. It appears to have been in form a valid conveyance of the land to R. L. Ledbetter for the consideration above mentioned. The deed was accepted by him under the consideration mentioned and placed in a trunk for safekeeping, but never placed of record. That thereafter R. L. Ledbetter took charge of the land as his own, and that he and his wife performed the consideration mentioned in the deed until the death of Mrs. M. M. Ledbetter, which was after the execution of the various instruments in suit. That they owned no other land, had no other homestead, and occupied it as a homestead for themselves and their four children. This testimony also discloses that, in the year 1921, R. L. Ledbetter desired to secure a loan on his land to the amount of about $2,500, and that he requested the United Home Builders of America to make such loan. That, some time after such request was made W. M. Webb, president of said Home Builders and one of its cotrustees to whom Ledbetter had previously talked on the subject, came out to appellants' home and held a conversation with appellants, in reference to the loan. That in response to questions he was informed that R. L. Ledbetter owned the land, having received a deed to it from his mother, Mrs. M. M. Ledbetter, soon after appellants were married in 1917, and

that the mother had owned the land as her separate property. That they lived on it as their home, supported themselves by the cotton, corn, dairy products, and chickens they raised on the farm, and had so used and occupied it as their home from the date of the deed. On request to see the deed, it was produced, and Webb informed them that it would have to be recorded, when R. L. Ledbetter stated that he would at once place same of record, whereupon Webb stated he could save him such a trip and would take it back to the city and have it recorded and deduct the expense from the money to be loaned. That the deed was delivered to Webb for the sole purpose of placing it of record. That some time thereafter they were informed that the papers, necessary to obtain the loan, were ready for execution and that they went to Dallas and executed same. That they relied explicitly on Webb and other agents of the United Home Builders of America as to the fact that the contents of these papers were only such as were necessary to secure the loan on their land, and did not read them or know what they contained. That they were ignorant people and not acquainted with law or its usage in the transfer of real estate, and hence relied solely upon the representations made by Webb and his associates. They denied knowledge of the execution of the deed of 1921 by Mrs. M. M. Ledbetter, and it appears that Mrs. R. L. Ledbetter was not at home at the time such deed was executed. It was denied that R. L. Ledbetter paid any part of the cash consideration named in said deed. The deed of 1917 was never placed of record and is wholly unaccounted for after its delivery to Webb. In this evidence, appellants, in many material facts, are corroborated by other witnesses. The evidence does not disclose that any deed was ever executed by R. L. Ledbetter or R. L. Ledbetter and his wife, reconveying the property to Mrs. M. M. Ledbetter, after the deed of 1917 was executed and delivered to them. The only reasonable conclusion to draw from the evidence of appellants on this issue is that the execution by Mrs. M. M. Ledbetter of the 1921 deed, and the disappearance of the unrecorded 1917 deed, were the result of Webb's manipulations in order to create a lien on the homestead of appellants.

■ We are of opinion that this evidence clearly raised the issue of the validity of the lien appellants, by their suit, sought to cancel. This is the second appeal of this case; the first appeal being passed upon by the Court of Civil Appeals at Waco and reported in 13 S.W.(2d) 388. In the trial of the first case the court sustained an objection to the evidence above quoted, and the case was reversed on an assignment that such ruling was error. In sustaining such assignment of error and reversing the case, the court necessarily

held the rejected evidence presented a valid claim for cancellation of the instruments, and presented a valid defense to the foreclosure of the lien created by the instruments. The decision necessarily carried with it an instruction to the trial court that such evidence was admissible, and an implied instruction that, when admitted, it was sufficient to raise an issue for the decision of the jury as to its truthfulness. The judgment rendered on this decision by the said Court of Civil Appeals became final in that court, and is the law of this case in respect to the matter decided. We indorse both the reasoning in the opinion in that case and the result announced by the judgment.

Appellee apparently places great stress on the case of Cooper v. Hinman, 235 S. W. 564, a decision by the Commission of Appeals, but adopted by the Supreme Court. There is no conflict in the holding in that case and the holding in this case. In the reported case, Dan Wagoner conveyed to H. R. Hinman by general warranty deed fifty acres of land in Eastland county, for the recited consideration of $1,500, $250 recited as cash, and the balance represented by one note for $150 and another note for $1,100, both notes secured by reserved vendor's lien. The recited cash consideration was not paid and the two notes constituted the entire consideration for the land. Hinman and wife at once went into possession of the land and so remained until suit was filed about two years later. Hinman paid the $150 note and the first annual installment of interest on the other note. About ten months after these payments, Hinman entered into an agreement with Wagoner by which the land was to be turned back to Wagoner in consideration of the cancellation of the $1,100 note and the payment to Hinman of $100 in money. No reconveyance was made, but, in consummation of this agreement, Wagoner paid Hinman the $100, and Hinman redelivered to Wagoner the deed, which had not been recorded, with the understanding and intention of both parties that the title would thereby reinvest in Wagoner, and canceled the $1,100 note and surrendered it to Hinman. Mrs. Wagoner then destroyed this deed, which had not been placed of record. About two months after this transaction, Wagoner sold the land to Cooper for a consideration of $1,300, $700 of which was paid in cash. Cooper then instituted suit against Hinman and wife to recover the land. The defense of Hinman seems to have been that the transaction between him and Wagoner did not divest him of title to the land and did not constitute reconveyance of such title to Wagoner. It was decided in that case that, while the transaction between Wagoner and Cooper did not in fact consummate a reconveyance of title to Wagoner, nevertheless, Hinman was estopped by reason of his agreement with Wagoner to set up such a defense

against Cooper, an innocent purchaser of the land.

The distinction between the reported case and this one is very apparent. In the reported case there was an actual agreement between the vendor and vendee to do that which they intended to be a reinvestment of the title in Hinman's vendor. In the instant case, the evidence above quoted excludes the idea of any reconveyance to Mrs. M. M. Ledbetter, or any character of agreement whatever between Mrs. M. M. Ledbetter, vendor, and R. L. Ledbetter, vendee, in reference to title to the land. In the reported case, Cooper, plaintiff in the suit to recover the land, was an innocent purchaser for value, while in the instant case, the United Home Builders of America, through its president, W. M. Webb, under the evidence here discussed, was not an innocent purchaser, but a participator in whatever fraud was committed in order to obtain a loan on a homestead. The judgment foreclosing the lien must be reversed in order that a jury may pass upon the issue raised by the evidence above quoted.

The undisputed evidence shows that R. L. Ledbetter received the money for which he signed the deed of trust note, for which reason he became personally liable in the amount for which judgment is rendered on the note. The personal judgment against R. L. Ledbetter, in the amount of the note and the reasonable attorney fee allowed, should be affirmed.

For the reasons stated, the judgment of the lower court will be reversed and remanded on the issue of the existence of a valid lien against the land in suit. The personal judgment against appellant R. L. Ledbetter, will be affirmed in the amount above designated.

Reversed and remanded in part; affirmed in part.

## On Motion for Rehearing.

In his motion for rehearing, appellee insists that this court misconstrued the effect of the decision of the Commission of Appeals in Cooper v. Hinman, 235 S. W. 564, in that, under the decision of the Court of Civil Appeals, it was shown that Cooper was an innocent purchaser.

We have carefully read the decision of the Court of Civil Appeals in that case, 212 S. W. 973, with the result that we are still of the opinion that the announcement of the law by the Commission of Appeals in that case is based upon the proposition that Cooper was such an innocent purchaser. Under such theory of the case, the decision in Cooper v. Hinman, supra, is in harmony with other decisions in this state, but such decision could not be justified if Cooper was not considered an innocent purchaser of the land for value.

It is also insisted by appellee in his motion that, if this court cannot set aside the judg-

ment reversing and remanding the case as to the lien against the land, then it becomes the duty of the court to reverse and render the case, and, in the alternative, prays that the case be reversed and rendered. We do not believe that the record, as presented, would ordinarily warrant the court in granting this alternative prayer, but, as it is insisted upon by appellee, under his conclusion of the legal effect of evidence, and in view of appellee's statement that he can produce no other evidence in the case, we will not prolong the litigation, but set aside the judgment reversing and remanding the case as to the asserted lien on appellee's land and here reverse and render same.

The order heretofore granted, reversing and remanding the case, is set aside, and in lieu thereof the order is entered reversing and rendering the case in favor of appellant as to the lien on the land. The personal judgment against appellant R. L. Ledbetter is not affected by this order.

Reversed and rendered.