JOHN A. WOOD and His Wife, MARTHA ALMA WOOD, and THE FIRST NATIONAL BANK OF BURLINGTON, NORTH CAROLINA, v. NORTH CAROLINA TRUST COMPANY, Trustee, PILOT LIFE INSURANCE COMPANY, and MRS. BLANCHE BRINDLE.

(Filed 27 January, 1931.)

1. **Mortgages H m—Purchaser at foreclosure of second mortgage obtained good title, record failing to show that first mortgage had not been paid.**

   The owner of lands executed and delivered his several bonds secured by a deed of trust on his lands to a real estate company as trustee. The bonds were purchased by various persons. The power of sale in the trust deed was duly executed, and the lands sold were purchased by an employee of the trustee under an agreement that he would hold for the trustee, and by the employee conveyed by deed to the trustor, who received a warranty deed with recitation that the trustee had received the amount bid at the sale for the purchasers of the bonds and notation duly made on the margin of page whereon the mortgage was recorded that the trust deed had been satisfied by foreclosure, the original trustor therein borrowed money on the same land by securing his notes by another deed of trust to different parties. In a suit to restrain the consummation of the foreclosure sale of the second deed of trust and the delivery by the second trustor of a deed to the purchaser thereat, *Held:* the purchaser at the second foreclosure sale was an innocent one for value unaffected by any fraud that may have existed between the owner of the land and the first trustee not appearing of record entry, and the *cestui que trust* under the second later trust deed was entitled to a priority of lien.

2. **Appeal and Error K d—Parties consenting to modification, this cause is modified and affirmed.**

   The agreement of both parties to a modification of the judgment as to the amount of the recovery is upheld on appeal.

3. **Appeal and Error J c—Findings of fact supported by evidence are conclusive on appeal.**

   Where the court below by agreement of the parties finds the facts as to the registered paper title to the lands in dispute, such findings are conclusive on appeal when supported by the evidence.

4. **Mortgages H p—Knowledge of attorney of alleged fraud in foreclosure of prior mortgage will not be imputed to purchaser at foreclosure of subsequent mortgage.**

   Where a deed of trust on lands has been foreclosed and a deed made to a purchaser, and his grantee has conveyed the lands to another who executes another deed of trust thereon to secure notes for money loaned, the knowledge of any fraud under the first foreclosure the attorney may have had will not be imputed to the purchaser at the foreclosure sale under the second deed of trust from the fact that the same attorney acted at the different times independently in making an investigation of the title which appears to be regular and good upon the books in the office of the register of deeds of the proper county.

**5. Mortgages H m—Purchaser in this case held to have obtained good title unaffected by alleged fraud in foreclosure of prior mortgage.**

Where the vendor of the purchaser of lands under foreclosure lends him money on notes secured by a deed of trust on the same lands, and the title appears to be regular in the office of the register of deeds of the proper county, he acquires a lien on the lands superior to those secured by the foreclosed deed of trust unaffected by fraudulent transactions, if any, existing between the trustee in that deed and the grantor therein, of which he has not had actual notice, the foreclosure under the power of sale under the first trust deed appearing to have been regularly made, and the fraud relied on being in contradiction of the record title.

APPEAL by defendants, North Carolina Trust Company, trustee, and Pilot Life Insurance Company, from *Grady, J.*, at September Term, 1930, of ALAMANCE. Reversed and remanded.

This is an action to restrain and enjoin the defendant, North Carolina Trust Company, trustee, from executing a deed, and thereby conveying to its codefendant, Pilot Life Insurance Company, the land described in the complaint, pursuant to a sale made by the said trustee under the power of sale contained in a deed of trust executed by the plaintiffs, John A. Wood and wife, conveying said land to said trustee to secure the payment of a note executed by the said John A. Wood to the said Pilot Life Insurance Company, and for judgment and decree that the plaintiff, the First National Bank of Burlington, N. C., and the defendant, Mrs. Blanche Brindle, as holders of certain bonds executed by the plaintiff, John A. Wood, have a first lien on said land, by virtue of a deed of trust executed by the said John A. Wood and wife to the Alamance Insurance and Real Estate Company for the purpose of securing the payment of said bonds.

At the trial of the action judgment was rendered as follows:

"This cause coming on for hearing at the above-named term of court, and all parties having agreed in open court to waive a jury trial and submit the matter to the presiding judge, with the understanding that he is to find the facts and render such judgment as in his judgment the facts would justify; and evidence having been offered by the parties, the court finds the facts to be as follows:

1. Subject to the liens and incumbrances hereinafter referred to, the plaintiff, John A. Wood, at the times referred to in the pleadings, was the owner in fee simple of a certain tract of land situate in the town of Burlington, Alamance County, North Carolina, described by metes and bounds in the complaint.

2. On 14 May, 1924, John A. Wood and wife executed and delivered to the Alamance Insurance and Real Estate Company, as trustee, a deed of trust on said land in order to secure the payment of the sum of $5,000, evidenced by ten bonds, bearing interest at the rate of 6 per

cent per annum, payable to bearer, or the registered holder thereof; said bonds being in the denomination of $500 each, due and payable at the rate of $1,000 each year, until fully paid; said deed of trust is recorded in Book 95 at page 293 of the register's office of Alamance County, and the said record is made a part of this finding of facts.

3. All of said bonds were registered, and bonds Nos. 4, 6 and 7 were retired before the institution of this action.

4. Bonds Nos. 8, 9 and 10, each in the sum of $500, were duly registered in the name of the defendant, Mrs. Blanche E. Brindle, on 28 September, 1924, before the maturity thereof, and she is now the owner of said bonds in due course and for full value; bonds Nos. 1 and 2 were registered in the name of Dr. R. G. McPherson on 6 June, 1924; bond No. 3 was registered in the name of M. S. Gatewood on 8 July, 1924, and bond No. 5 was registered in the name of Rev. N. G. Bethea on 11 June, 1926; said bonds Nos. 1, 2, 3 and 5 are now the property of the First National Bank of Burlington, it having acquired said bonds by purchase, but the same were never registered in the name of said bank.

5. On 5 August, 1926, after advertisement, a sale of said land was made purporting to have been done under the powers contained in the said deed of trust; and the Alamance Insurance and Real Estate Company, trustee, conveyed said lands to George G. Sharpe, who at that time was an employee of the defendant, Alamance Insurance and Real Estate Company; and while said deed recited a consideration of $5,000, nothing in fact was paid by the said George G. Sharpe to the said Alamance Insurance and Real Estate Company, trustee; said deed is recorded in Book 88, page 226, of the register's office of Alamance County. The purchase of the said lands at said sale by George G. Sharpe was made pursuant to an agreement entered into between him and the Alamance Insurance and Real Estate Company, trustee, in the original deed of trust, to the end that he, the said George G. Sharpe, should take the title to said lands and convey the same back to the Alamance Insurance and Real Estate Company.

6. On 28 August, 1926, pursuant to said agreement referred to in the next finding of fact, George G. Sharpe and his wife, Linda Sharpe, for a purported consideration of $10, conveyed said lands to the Alamance Insurance and Real Estate Company by deed recorded in Book 86 at page 285; but the Alamance Insurance and Real Estate Company paid nothing to the said George G. Sharpe for said land.

7. On 26 January, 1927, for a purported consideration of $10, which was never paid, the Alamance Insurance and Real Estate Company attempted to convey said lands to John A. Wood, and did in fact execute and deliver to him a deed for said land with full covenants of war-

ranty and seizin; the said John A. Wood being the grantor in the original deed of trust hereinbefore referred to.

8. The court finds as a fact that said attempted foreclosure and sale of the lands in question was fraudulent; and done 'for the purpose, in so far as the Alamance Insurance and Real Estate Company is concerned, of defrauding the holders of the bonds secured by said deed of trust; and the court further finds that nothing was paid to the holders of the bonds which form the basis of this action, to wit, bonds Nos. 1, 2, 3, 5, 8, 9 and 10.

9. On 6 December, 1926, the plaintiff, John A. Wood, made application to the defendant, Pilot Life Insurance Company, for a loan of $5,000, which application was made through and by the Alamance Insurance and Real Estate Company, the name of the said John A. Wood having been signed to said application by some officer of said Alamance Insurance and Real Estate Company; said application offered as security for said loan a deed of trust upon the same lands hereinbefore referred to, and being the same lands described in the deed of trust from John A. Woods to the Alamance Insurance and Real Estate Company, trustee; and in said application it is stated that the loan is desired by the said John A. Wood for the purpose of repaying a present loan to the Alamance Insurance and Real Estate Company, and secured by a mortgage upon said property.

10. Pursuant to said application the title to said property was examined by E. S. W. Dameron, attorney for the Pilot Life Insurance Company, residing at Burlington, N. C., who prepared an abstract of title to said land, which was submitted to said Pilot Life Insurance Company; said abstract is hereby filed and made a part of this finding of fact. In said abstract, attention is called to the deed of trust from John A. Wood to the Alamance Insurance and Real Estate Company, trustee.

The said E. S. W. Dameron, attorney at law, was also the attorney at law for the said Alamance Insurance and Real Estate Company, trustee, in the foreclosure or attempted foreclosure of the deed of trust from John A. Wood and wife to said Alamance Insurance and Real Estate Company, and there appears upon the margin of the record where said deed of trust is recorded the following entry: 'The property described in this deed of trust sold under foreclosure on 3 May, 1926. (Signed) Alamance Insurance and Real Estate Company, trustee, by Dameron, Rhodes & Thomas, attorneys.' Said entry is in the handwriting of the said E. S. W. Dameron.

11. The application of the said John A. Wood for said loan of $5,000 was accepted by the defendant, Pilot Life Insurance Company, and the abstract of title above referred to was prepared at the instance of the

said Pilot Life Insurance Company, as set out in article 4 of the second and further defense of the said Pilot Life Insurance Company; and pursuant to said application and abstract, the plaintiffs, John A. Wood and his wife, executed a note for $5,000 to said Pilot Life Insurance Company, dated 2 February, 1927, payable $500 a year for ten years on 2 February of each year; and the said John A. Wood and wife secured said note by a deed of trust of even date therewith upon the lands described in the original deed of trust from John A. Wood and wife to the Alamance Insurance and Real Estate Company, which latter deed is recorded in Book 108, page 1111 of the register's office of Alamance County.

12. On 2 June, 1927, the Pilot Life Insurance Company sent to Walter E. Sharpe, manager of the Alamance Insurance and Real Estate Company, a check for $5,000, payable to the order of John A. Wood and the Alamance Insurance and Real Estate Company, which check was endorsed by John A. Wood and the Alamance Insurance and Real Estate Company, per S. C. Huffines, treasurer, and was deposited in the bank, duly collected and placed to the credit of the said Alamance Insurance and Real Estate Company; and no part of the same was ever paid out in satisfaction of the bonds held by the plaintiff, the First National Bank of Burlington, N. C., and the defendant, Mrs. Blanche E. Brindle.

The Pilot Life Insurance Company had no actual notice of the fact that said bonds had not been paid.

13. The court finds as a fact that the Pilot Life Insurance Company, owing to the facts hereinbefore found, constituted the said Walter E. Sharpe as its agent for the purpose of receiving and distributing the loan of $5,000 made by it to the said John A. Wood, and to see that its deed of trust was a first lien upon said property, and that his failure to account for said moneys, and the resultant misappropriation thereof, was not due to any neglect or fault on the part of the plaintiff, First National Bank of Burlington or of the defendant, Mrs. Blanche Brindle, neither of whom had actual knowledge of the foreclosure of the deed of trust from John A. Wood and wife to said Alamance Insurance and Real Estate Company.

Upon the foregoing facts it is ordered and adjudged:

1. That the defendant, Mrs. Blanche E. Brindle, have and recover of the plaintiff, John A. Wood, the full sum of $1,500, with interest thereon from 14 May, 1928.

2. That the plaintiff, the First National Bank of Burlington, N. C., have and recover of the plaintiff, John A. Wood, the sum of $2,000, with interest thereon from 14 May, 1928.

3. That the deed of trust from John A. Wood and wife to the Alamance Insurance and Real Estate Company, dated 14 May, 1924, and

recorded in Book 95, page 293, of the register's office of Alamance County, is a first lien upon the lands described therein and superior to the lien of the North Carolina Trust Company, trustee, and to any rights which the Pilot Life Insurance Company has therein.

It is further ordered and adjudged that the said North Carolina Trust Company and the Pilot Life Insurance Company be perpetually restrained and enjoined from foreclosing or attempting to foreclose the deed of trust made to said North Carolina Trust Company, trustee, by John A. Wood and wife; and the attempted foreclosure thereof referred to in the pleadings is hereby declared null and void.

4. It is further ordered, adjudged and decreed that the lands described in said deed of trust be sold at the courthouse door in Graham, Alamance County, North Carolina, after due advertisement, as provided by law, in the case of foreclosure of mortgages and deeds of trust, and to this end that Cooper A. Hall, Esq., is hereby appointed commissioner of the court to make said sale, and to convey said lands to the highest bidder, in fee simple, after any sale made by him shall have been reported into court and confirmed.

Out of the moneys derived from the sale of said lands, said commissioner will first pay off the several bonds held by the plaintiff, First National Bank of Burlington, N. C., and by the defendant, Mrs. Blanche E. Brindle, if said proceeds are sufficient to pay said amount in full; and if not, he will pro rate the amount received for said lands between the First National Bank of Burlington, N. C., and Mrs. Blanche E. Brindle, in accordance with their respective claims; if there be any surplus, after paying off and discharging said bonds, and such costs and commission as may be allowed to him by the court, he will pay the same over to the Pilot Life Insurance Company in satisfaction of the note held by it; and if there still be any balance, he will pay the same over to the plaintiff, John A. Wood.

5. It is further ordered and adjudged that the defendant, Pilot Life Insurance Company, have and recover of the plaintiff, John A. Wood, the sum of $5,000, with interest thereon at the rate of six per cent per annum from 2 February, 1928.

6. It is ordered that the cost of this action be taxed against the defendants, North Carolina Trust Company and the Pilot Life Insurance Company."

From the foregoing judgment the defendants, North Carolina Trust Company and Pilot Life Insurance Company, appealed to the Supreme Court, assigning as errors (1) the finding by the court of certain facts as set out in the judgment, on the ground that there was no evidence to support said findings; (2) the failure of the court to find certain facts which all the evidence tended to establish, and (3) the judgment, to which appellants duly excepted.

*Cooper A. Hall, Leo Carr and John A. Bailey for appellees.*
*Hoyle & Harrison and Hines, Kelly & Boren for appellants.*

CONNOR, J.   The defendants, North Carolina Trust Company, and
Pilot Life Insurance Company, on their appeal to this Court assign as
error the failure of the court below to find, as facts material to the
judgment in this action, (1) that the plaintiff, John A. Wood, is in-
debted to the defendant, Pilot Life Insurance Company, in the sum of
$5,000, the amount of the note executed by said plaintiff, and payable
to said company, with interest thereon from 2 February, 1928, and
that said plaintiff is also indebted to said company in the sum of
$511.08, the amount paid by it for taxes and paving assessment for the
years 1927 and 1928, on the land described in the deed of trust from
said John A. Wood and wife to North Carolina Trust Company, trustee,
to secure said indebtedness; (2) that the plaintiff, John A. Wood, was
in default in the payment of said indebtedness on and after 2 February,
1928, and that said deed of trust was properly foreclosed by sale of the
land described therein on 18 March, 1929, under the power of sale con-
tained in said deed of trust; and (3) that at said foreclosure sale the
defendant, Pilot Life Insurance Company, was the purchaser of said
land at and for the sum of $650.

In their brief filed in this Court the plaintiffs and the defendant, Mrs.
Blanche E. Brindle, appellees, admit that all the evidence at the hearing
of this action shows that the defendant, Pilot Life Insurance Company,
paid the sum of $511.08, for taxes and paving assessment for the years
1927 and 1928, on the land described in the deed of trust, upon the
default of the plaintiff, John A. Wood, in the payment of said sum, and
consent that paragraph 5 of the judgment may be modified by including
the said sum of $511.08, with interest, in the amount of the judgment
rendered in favor of the defendant, Pilot Life Insurance Company, and
against the plaintiff, John A. Wood.   The other facts involved in the
contentions presented by these assignments of error, are admitted in the
pleadings and shown by the undisputed evidence at the hearing.   These
assignments of error are sustained.   As these facts are admitted in the
pleadings, and in the brief filed by the appellees in this Court, the
action is not remanded to the Superior Court for further finding as to
these facts.

Defendants' assignment of error based on their exception to that part
of paragraph 3 of the judgment in which it is adjudged that the fore-
closure of the deed of trust from John A. Wood and wife to North Caro-
lina Trust Company, trustee, is null and void, must be sustained.   Upon
the facts admitted in the pleadings and found by the court, pertinent
to the cause of action alleged in their complaint, the plaintiffs, John A.

Wood and wife, are not entitled to judgment in this action that the defendant, North Carolina Trust Company, trustee, be restrained and enjoined, perpetually, from foreclosing said deed of trust, or from executing a deed conveying the land described therein to the defendant, Pilot Life Insurance Company, the purchaser at the foreclosure sale on 18 March, 1929, upon the payment by said purchaser of the amount of its bid. It is immaterial to the cause of action on which plaintiffs, John A. Wood and wife seek to recover on this action, whether the plaintiff, the First National Bank of Burlington, N. C., and the defendant, Mrs. Blanche E. Brindle, have a lien on the land described in the complaint, by virtue of the deed of trust from John A. Wood and wife to the Alamance Insurance and Real Estate Company, superior to the title which was conveyed by the said John A. Wood to the North Carolina Trust Company by the deed of trust subsequently executed by them. This deed of trust was valid, and default having been made by John A. Wood in the payment of the indebtedness secured thereby, the foreclosure sale, made in compliance with the terms of the power of sale contained therein, was valid. The defendant, Pilot Life Insurance Company, the purchaser at said sale, upon compliance with the terms of its bid, is entitled to a deed conveying to said purchaser all the right, title and interest of the plaintiffs, John A. Wood and wife in the land described in the deed of trust. The temporary restraining order enjoining the defendant, North Carolina Trust Company, trustee, from executing said deed, or from foreclosing the deed of trust, should be dissolved. There is error in the judgment perpetually restraining and enjoining the foreclosure of the deed of trust from John A. Wood and wife to the North Carolina Trust Company, trustee. Whether or not the purchaser at the foreclosure sale of the land described in the deed of trust will take title to the same subject to the prior lien of the holders of bonds secured by the deed of trust to the Alamance Insurance and Real Estate Company, cannot affect the validity of the deed of trust, or the right of the trustee to foreclose the same.

Defendants assign as error so much of paragraph 3 of the judgment as adjudges that the deed of trust from John A. Wood and wife to the Alamance Insurance and Real Estate Company, trustee, under which the plaintiff, the First National Bank of Burlington, N. C., and the defendant, Mrs. Blanche E. Brindle, claim, is a first lien on the land described therein, and that said lien is superior to the lien of the North Carolina Trust Company, trustee, by virtue of the deed of trust to said company, under which the defendant, Pilot Life Insurance Company, claims. For the purpose of determining the validity of this assignment of error, the facts as found by the court below, with respect to the record title to the land described in the complaint, at the date of the deed of

trust from John A. Wood and wife to the North Carolina Trust Company, trustee, are conclusive.

When examined by the attorney for the Pilot Life Insurance Company, prior to its acceptance of the application of John A. Wood for a loan of $5,000, to be secured by a deed of trust on the land described in the complaint, the records in the office of the register of deeds of Alamance County showed that the deed of trust from John A. Wood and wife to the Alamance Insurance and Real Estate Company had been foreclosed by a sale of the land conveyed thereby on 3 May, 1926. An entry on the margin of the record of said deed of trust, in compliance with the provisions of C. S., 2594(a) was made by the duly authorized attorneys of the Alamance Insurance and Real Estate Company, trustee. The record on this appeal shows that on 3 May, 1926, the Alamance Insurance and Real Estate Company, trustee, reported said sale to the clerk of the Superior Court of Alamance County, and that said report was duly recorded by said clerk in his office.

The said records in the office of the register of deeds of Alamance County further showed that on 5 August, 1926, the Alamance Insurance and Real Estate Company, grantee, conveyed the land described in the deed of trust from John A. Wood and wife to said trustee, to George G. Sharpe, the purchaser at said foreclosure sale, by deed duly executed and recorded. This deed contains a recital that the grantee had complied with his bid as purchaser at the foreclosure sale, and had paid to the trustee the amount of his bid, to wit, the sum of $5,000. By deeds subsequently executed and recorded, prior to the registration of the deed of trust from John A. Wood and wife to North Carolina Trust Company, trustee, the said land had been conveyed to the said John A. Wood, who thus claimed under the purchaser at the foreclosure sale made on 3 May, 1926. There was nothing on record in Alamance County showing that the said purchaser had not paid the amount of his bid to the trustee or that the trustee had not applied the purchase money in payment of the bonds secured by the deed of trust. The court below found as a fact that the Pilot Life Insurance Company had no actual notice of the fact as found by the court, that said bonds had not been paid.

The court found as a fact that the attorney who conducted the foreclosure sale for the Alamance Insurance and Real Estate Company and who signed the entry on the margin of the record, showing that the deed of trust from John A. Wood and wife to the Alamance Insurance and Real Estate Company, trustee, had been foreclosed by the sale of the land conveyed thereby, also examined the records and made therefrom an abstract of title to said land as attorney for the Pilot Life Insurance Company. It was not found by the court, nor was there evidence tend-

ing to show, that said attorney knew either that the purchaser at the foreclosure sale did not pay the amount of his bid to the trustee, or that the trustee did not apply the amount of said bid to the payment of the bonds secured by the deed of trust. It may well be that said attorney had no knowledge of either of said facts, but whether he had or not, is immaterial as affecting the rights of the Pilot Life Insurance Company under the deed of trust from John A. Wood and wife to the North Carolina Trust Company. On the facts of the instant case, the knowledge of its attorney, acquired while acting as the attorney for the Alamance Insurance and Real Estate Company, trustee, of facts not disclosed by the record, although affecting the title of the purchaser at the foreclosure sale to the land conveyed to him, cannot be imputed to the Pilot Life Insurance Company as notice of these facts. *Arrington v. Arrington,* 114 N. C., 151, 19 S. E., 351. The Pilot Life Insurance Company, as an innocent purchaser for value, had a right to rely and did rely on the record as the source of its information with respect to the title of John A. Wood to the land described in the complaint. This record showed conclusively that the deed of trust from John A. Wood and wife to the Alamance Insurance and Real Estate Company had been foreclosed, and that the purchaser at the foreclosure sale had acquired title to the land conveyed by said deed of trust freed from the claims of the bondholders. If the said foreclosure was fraudulent, as found by the court, it was fraudulent only as to John A. Wood and wife, who thereafter took title to said land from the grantee of the purchaser, and as to the bondholders, who knew that by the provisions of the deed of trust the trustee had the power to foreclose the same, at its option, and upon a sale of the land described in the deed of trust, to convey the same to the purchaser upon payment by him of the purchase money to the trustee. Neither John A. Wood and wife, nor the bondholders, can rely on the fraudulent foreclosure of the deed of trust to defeat the rights of the defendants who are innocent purchasers for value, claiming title under the purchaser at said sale. There is error in the judgment that the plaintiff, the First National Bank of Burlington, N. C., and the defendant, Mrs. Blanche E. Brindle, have a lien on the land described in the complaint which is superior to the lien of the defendant, Pilot Life Insurance Company, under the deed of trust from John A. Wood and wife to the defendant, North Carolina Trust Company.

This action is remanded to the Superior Court of Alamance County in order that judgment may be entered on the facts found by the court in accordance with this opinion. It is so ordered.

Reversed.