This is an action brought by plaintiff against defendants to set aside a sale under a deed of trust.
Plaintiff on 10 March, 1928, executed to defendant, A. H. Patterson, trustee, for the Home Building and Loan Association of King's Mountain, N.C. a deed in trust on certain land to secure the sum of $3,000. The same was duly recorded in the office of the register of deeds for Cleveland County, N.C. in Book 142, p. 227.
The Commercial Bank of King's Mountain held a second mortgage for some $1,800 or $2,000.
The plaintiff defaulted in the payments of the indebtedness to the Building and Loan and A. H. Patterson, trustee, offered the land for sale on 6 April, 1931, and defendant, B. A. Smith, became the last and highest bidder for same at the sum of $2,325. This bid was raised and a resale was made on 4 May, 1931, and J. R. Davis became the last and highest bidder at the sum of $2,450. A. H. Patterson, trustee, executed a deed to J. R. Davis for the purchase price of $2,450. A report was made by A. H. Patterson, trustee, to the clerk and a correct settlement was shown in the clerk's office. On the same day, J. R. Davis made a deed for said property to defendants, B. A. Smith and wife, Bessie T. Smith, for $2,500, who in turn on the same day, executed a deed in trust to A. H. Patterson, trustee, for the Home Building and Loan Association for $2,000.
The matter was referred to Joseph C. Whistnant, referee. The referee found among other facts: "That J. R. Davis acted as attorney and agent for A. H. Patterson, trustee, and as such conducted the sale and resale of said property. That the sale and resale were made in regular *Page 176 
form, and fair and open, and that there was no effort by the agent of the trustee to prevent fair competitive bidding. That B. A. Smith was present at the first sale and knew that J. R. Davis was acting as attorney and agent for A. H. Patterson, trustee, in conducting the said sale, and the resale."
"14. That B. A. Smith and wife, Bessie T. Smith, in purchasing the said property had knowledge of the capacity in which J. R. Davis served in connection with the sale and resale, in that as previously found herein B. A. Smith bid at the first sale made by J. R. Davis, and the resale was merely a continuation of same, and the records which were necessary to form the chain of title show specifically that J. R. Davis, acting as attorney and agent of A. H. Patterson, trustee, sold to himself."
The defendants, B. A. Smith and wife, Bessie T. Smith, denied the material allegation of the complaint and in answer said: "It is admitted that on or about 15 May, 1931, J. R. Davis sold and conveyed the said lands described in the complaint to this defendant, B. A. Smith and Bessie T. Smith, for price of $2,500, which amount these defendants paid in good faith; and the other allegations are untrue and denied. That as to the allegations of paragraph eight these defendants have no knowledge or information sufficient to form a belief as to the truthfulness thereof, therefore deny the same — it being alleged in this connection that these defendants are innocent purchasers for value."
The referee's conclusions of law are as follows: "The conclusions of law as herein set out are somewhat contrary to the conception which had formerly been entertained by me as the law in a case of this kind, but after intensive search I have been unable to find a case which seems to alter the ruling in Gibson v. Barbour, 100 N.C. page 192, and I conclude that this must be the law today. In this connection I have studied the cases of Wood v. Trust Co., 200 N.C. 105; Phipps v. Wyatt, 199 N.C. 727, and many others which were believed by the defendant's counsel to change the former ruling, but I believe that there is a distinction between the cases, and that the later cases would not have the effect of changing the doctrine in the former case, and consequently I find: First: That the sale by A. H. Patterson, trustee, by J. R. Davis as attorney and agent to J. R. Davis is voidable in so far as it deprives the trustor, A. A. Lockridge, of the right of redemption, and since the trustor has elected to so treat same, as under the law he has the right to elect. Second: That the defendants, B. A. Smith and wife, Bessie T. Smith, having bought with notice are now the holders of the legal title to the said property, standing in the place of the trustee, A. H. Patterson, and from the date of the purchase until the date of election to avoid the sale, said B. A. Smith and wife, Bessie T. Smith, were entitled to *Page 177 
possession of said land and by the express terms of the deed of trust are still entitled to possession. Third: That A. A. Lockridge, on the payment to B. A. Smith of the secured indebtedness and money lawfully expended in connection with same, is entitled to said property, but if not done, then B. A. Smith is entitled to a sale of said property to clear title to the property of the right of redemption of A. A. Lockridge."
Exceptions and assignments of error were duly made to the report of the referee, by the defendants.
The court below rendered the following judgment: "This cause coming on to be heard before his Honor, Wilson Warlick, judge presiding, upon the report of Joseph C. Whistnant, referee, and the exceptions duly filed thereto, and being heard, and the parties having waived trial by jury:
And it further appearing to the court, upon the hearing of the matter, that B. A. Smith and wife, Bessie T. Smith, the present owners of said property, offered in open court to convey this property to the plaintiff, A. A. Lockridge, or to whomsoever he might direct, for the exact amount at which it was bid off at the last sale made of same by A. H. Patterson, trustee, and that the said B. A. Smith and wife, Bessie T. Smith, had previously offered to convey said property upon said terms and that said proposition was also renewed upon the hearing of this matter before the referee, and that the said A. A. Lockridge declined to repurchase;
And the court being of the opinion that the referee has correctly found that the sale of said property, made by A. H. Patterson, trustee, on 4 May, 1931, at which sale J. R. Davis became the last and highest bidder at the sum of $2,450, was fair and open and that said sale was made in regular form, and that there was no effort to prevent fair, competitive bidding, and that the plaintiff had knowledge of the date of both of said sales and had full opportunity to bid and that he declined to do so, and that the referee has further found as a fact that the price of $2,450 represented the market value of the property at the time of said sale and that the plaintiff failed to show by any evidence offered that he had been damaged by said sale, and that the plaintiff failed to either bid at said sale or to raise said bid thereafter within the time prescribed by law, although he had the opportunity to do so, the court upon a hearing of this matter, affirms the findings of the referee touching all of the foregoing matters and, in addition thereto, finds as a fact that B. A. Smith and wife, Bessie T. Smith, are innocent purchasers for value and without notice and are entitled to hold said property free and clear from any claim or demand for resale on the part of A. A. Lockridge, overruling the finding of the referee as to this fact and, upon the foregoing findings of fact. *Page 178 
It is ordered, adjudged and decreed that the sale made by A. H. Patterson, trustee, on 4 May, 1931, at which J. R. Davis became the last and highest bidder, was fair and open and that said real estate brought a full and fair price, and that the plaintiff had full opportunity to bid at said sale or to raise said bid during the intervening ten days thereafter.
And it is further ordered, adjudged and decreed that B. A. Smith and wife, Bessie T. Smith, are innocent purchasers for value and without notice, and that they are entitled to hold the said property free and clear from any claim or demand for resale on the part of the plaintiff, A. A. Lockridge.
It is further ordered that the plaintiff, A. A. Lockridge, take nothing by his action.
It is further ordered that an allowance of $75.00 be paid to Joseph C. Whistnant, referee, and that one-half be paid by the plaintiff and one-half by the defendants, and that the plaintiff be taxed with all the other costs of this action."
The plaintiff made several exceptions and assignments of error and appealed to the Supreme Court. The material ones will be considered in the opinion.
The first question involved as stated by plaintiff, is as follows: "If the attorney and agent who acts for the trustee to sell property sells to himself, as the record in this case discloses was done, does the deed of the trustee conveying the property to his attorney and agent pass the equitable interest of the mortgagor?" We think not, if nothing else appeared.
We think the principle of law relied on by the referee, sound in principle and the law of this jurisdiction as set forth in Gibson v.Barbour, 100 N.C. 192 (197-198): "`It is an inflexible rule,' are the words of the late Chief Justice, an Associate Justice when they were uttered, `that when a trustee buys at his own sale, even if he gives a fair price, the cestui que trust has his election to treat the sale as a nullity, not because there is, but because there may be, fraud. Brothers v.Brothers, 7 Ired. Eq., 150.
In Joyner v. Farmer, 78 N.C. 196, after land had been bid off by an agent of the mortgagee, the mortgagor being present and not objecting, and as tenant of the latter remaining in possession for a year, nevertheless, as no intervening rights had been acquired by others, and no misconduct in the selling was alleged, the mortgagor was held to be entitled to have a resale, because, as was said by Rodman, J., in the opinion, *Page 179 
`the interest of a vendor and a purchaser are so antagonistic that the same man cannot be allowed to fill both characters.'
`In all cases where a purchase has been made by a trustee,' (we quote from section 322 of the 1st volume of Mr. Justice Story's excellent treatise on Equity Jurisprudence), `on his own account, of the estate of his cestui que trust, although sold at public auction, it is in the option of the cestui que trust to set aside the sale, whether bona fide made or not.'"
In Hayes v. Pace, 162 N.C. 288 (292): "In Jones v. Pullen, 115 N.C. 471, it is said: `There is no question, according to our authorities, that if a mortgagee with power to sell indirectly purchases at his own sale, the mortgagor may elect to avoid the sale, and this without reference to its having been fairly made and for a reasonable price. This is an inflexible rule, and it is not because there is, but because there may be fraud.'Gibson v. Barbour, 100 N.C. 192; Froneberger v. Lewis, 79 N.C. 426;Cole v. Stokes, 113 N.C. 270."
In Owens v. Mfg. Co., 168 N.C. 397 (399): "In exercising such a right, however, the utmost degree of good faith is required, the mortgagee being looked upon as a trustee for the owner as well as the creditor, and, in applying the principle, it is very generally held that such a mortgagee is not allowed, either directly or indirectly, to become the purchaser at his own sale, and where this is made to appear the transaction, as between the parties and at the election of the mortgagor, is ineffective as a foreclosure, and the relationship of mortgagor and mortgagee will continue to exist. Pritchard v. Smith, 160 N.C. 79."
The serious question involved in this action is whether B. A. Smith and wife, Bessie T. Smith, obtained a good title? They contended that they were innocent (bona fide) purchasers for value and without notice. We think so under the facts and circumstances of this case. From the finding of the referee they did not get a good title. The referee found "that B. A. Smith and wife, Bessie T. Smith, in purchasing said property had knowledge of the capacity in which J. R. Davis served in connection with the sale and resale," et cetera. To this finding, defendants excepted and assigned error as follows: "For that the referee's findings of fact No. 14 are erroneous and unsupported by any of the evidence, and that his deductions therefrom are unwarranted, wherein the referee finds that B. A. Smith and wife, Bessie T. Smith, in purchasing the said property from J. R. Davis had knowledge of the fact that J. R. Davis acted as agent for the trustee, and that the said agent purchased at his own sale; and failed to state the agreement whereby J. R. Davis became the purchaser of the said lands, when the referee should have found for his fourteenth findings of fact that B. A. Smith and wife, Bessie T. Smith, were innocent purchasers for value, *Page 180 
and without notice of any infirmity in the sale by the trustee, if any existed."
The judge in the court below sustained defendants' exception and assignment of error and found: "As a fact that B. A. Smith and wife, Bessie T. Smith, are innocent purchasers for value and without notice and are entitled to hold said property free and clear from any claim or demand for resale on the part of A. A. Lockridge, overruling the finding of the referee as to this fact and, upon the foregoing findings of fact."
There was evidence to sustain these findings of fact. B. A. Smith testified in part: "I bid the first time it was sold. I was informed that my bid had been raised. I did not attend the second sale. For the time being, I was not further interested in the property. Mr. J. R. Davis did not represent me in bidding in the property at the second sale. . . . I know of no irregularity in the sale of this land, if there was any. I bought the property from Mr. Davis and paid for it. My wife and I executed a mortgage or deed of trust to the Home Building and Loan Association to borrow money on this property. . . . I had no knowledge or information that there was any controversy about the sale of this property, or I would not have bought it. . . . On 15 May, 1931, $2,500 for that property in controversy was a full and fair price. After buying it, I was willing to sell it. I will sell anything I have got except my wife and children."
Mrs. Bessie T. Smith testified in part: "I am the wife of B. A. Smith, who was just on the stand. I had no knowledge of any possible illegality in the sale, or of any complaint by Mr. Lockridge, at the time of the sale of this property. Mr. Davis was not representing me."
There was evidence to support the findings of the court below that B. A. Smith and wife, Bessie T. Smith "are innocent purchasers for value and without notice."
In Polikoff v. Service Co., 205 N.C. 631 (634), speaking to the subject: "In Trust Co. v. Lentz, 196 N.C. 398 (at page 406),145 S.E. 776, it is said: `In view of the position taken by some of the parties that the judge was without authority to change the report of the referee — the reference being by consent — it is sufficient to say that, in a consent reference, as well as in a compulsory one, upon exceptions duly filed, the judge of the Superior Court, in the exercise of his supervisory power and under the statute, may affirm, modify, set aside, make additional findings, and confirm, in whole or in part, or disaffirm the report of a referee." Citing numerous authorities.
In Jones on Mortgages (8th ed.), Vol. 1, part sec. 417, p. 534, the law is thus stated: "An absolute conveyance intended as a mortgage will retain its character in the hands of subsequent purchasers with notice of the rights of the parties; and hence, if a purchaser from the original *Page 181 
grantee knew the nature of the transaction, or knew of facts sufficient to put him on inquiry, he cannot claim to be the absolute owner, but the mortgagor may redeem from him, as well as from the grantee. But where the third person has purchased in good faith for a valuable consideration, relying on the apparent absolute title of the original grantee, without notice of the defeasance agreement, he takes an indefeasible title, and the original grantor has no right of redemption against him."
Jones on Mortgages (8th ed.), part sec. 1060, p. 478, is as follows: "Most authorities treat an assignee who takes in good faith and for value, as a bona fide purchaser, protected against all equities and defenses of which he had no notice, both as against third persons dealing thereafter with the property, and as against the mortgagor and his grantees."Corporation Commission v. Trust Co., 193 N.C. 696 (700); Nissen v. Baker,198 N.C. 433 (438).
27 R.C.L., part sec. 466, p. 701, is as follows: "To entitle one to protection as a bona fide purchaser as against outstanding equities or an unrecorded deed his purchase must have been made without notice, actual or constructive, of the equity or the unrecorded deed."
Russell v. Roberts, 121 N.C. 322; Wood v. Trust Co., 200 N.C. 105;Cheek v. Squires, 200 N.C. 661. In Kelly v. Clark Co., 202 N.C. 750
(754), it is said: "The court's findings of fact, which are supported by the evidence, are as conclusive as the verdict of a jury."
In Sash Co. v. Mooney, 202 N.C. 830 (832): "In a reference it is well settled that the findings of fact of the trial court are conclusive, except when there is no evidence to support them."
In the present case there was evidence to support the findings of fact by the court below.
A person is an "innocent purchaser" when he purchases without notice, actual or constructive, of any infirmity, and pays valuable consideration and acts in good faith. Republic Power Service Co. v. Continental CreditCorporation, 12 S.W.2d 906, 908, 178 Ark. 966.
To constitute "innocent purchaser," there must be purchase for valuable consideration in good faith and without notice, actual or constructive, of any defects in title to property purchased whether real or personal, so that receiver of organization having lien on property stands in no better position with reference to being innocent purchaser than organization would have been if it had acted in its own name. Ledbetter v. Wright (Tex.),13 S.W.2d 388, 390.
The record discloses that there was paid $50.11 of the purchase price of the property on the junior mortgage.
The Commercial Bank and Trust Company, the junior mortgagee was not made a party to the action, nor was J. R. Davis. In Guy v. Harmon, 204 N.C. 226
(227): "Foreclosure is an equitable proceeding and the law as interpreted and applied in this State, has uniformly commanded *Page 182 
a day in court for parties in interest." Bank v. Thomas, 204 N.C. 599
(601). No question was made as to the junior mortgage or J. R. Davis, not being made parties. In foreclosures and also in actions of this kind all persons necessary to a complete determination of the controversy should be made parties. C.S., 456.
We repeat what was said in Alexander v. Boyd, 204 N.C. 103 (108): "The courts look with jealousy on the power of sale contained in mortgages and deeds of trust and the provisions are strictly construed. It is a matter of common knowledge that money originally loaned is usually some 25 to 50 per cent of the value of the property. In these deflated times of stress and unemployment, where it takes twice as much labor and the product of the soil to equal a dollar in value as compared with the value at the time the debt was contracted, it behooves security holders to deal gently with the now impoverished real estate and home owners." This case further sets forth the equitable power of the courts to fix reasonable time and conditions in foreclosure proceedings.
In Home Building and Loan Association v. Blaisdell, United States Supreme Court L.Ed., advance opinions, Vol. 78, No. 5, 255 (273), handed down 8 January, 1934, quoting a wealth of authority, it is said: "In the absence of legislation, courts of equity have exercised jurisdiction in suits for the foreclosure of mortgages to fix the time and terms of sale and to refuse to confirm sales upon equitable grounds where they were found to be unfair or inadequacy of price was so gross as to shock the conscience."
These principles we adhere to but in the present action the court below found that third parties "are innocent (bona fide) purchasers for value and without notice." For the reasons given, the judgment of the court below is
Affirmed.