FALL RIVER SAVINGS BANK *vs.* JOHN J. SULLIVAN
& others.

Bristol.   Oct. 26. — Nov. 10, 1881.   MORTON & ALLEN, JJ., absent.

If a person, who purchases an estate at a sale under a power contained in a mort-
gage thereof, upon a seasonable tender of a deed of the estate, is unable, being
financially worthless, to comply with the terms of the sale, the mortgagee may
again sell the estate under the power; and, having acted in good faith, and
notified the surety on the mortgage note of all the proceedings attending the
sales, may recover of him the balance due thereon.

CONTRACT, against John J. Sullivan, Daniel J. Sullivan and
Michael M. Sullivan, for the balance due on a promissory note
for $1800, dated June 24, 1879, payable six months after date
to the plaintiff or order, and signed by the first-named defendant
as principal, and by the other defendants as sureties.   At the
trial in the Superior Court, without a jury, before *Allen*, J.,
John J. Sullivan was defaulted, and the sureties alone defended.
The judge found the following facts :

The note was secured by a mortgage of John J. Sullivan's
real estate, containing a power of sale in the usual form.   On
the maturity of the note, at the request of the sureties, the
plaintiff duly advertised the mortgaged estate for sale.   On the
day fixed for the sale, with the assent of the sureties, it was ad-
journed for one week; and, on the day to which the sale was
adjourned, the property was bid off by Ellen O. Sullivan, the
wife of John J. Sullivan, for $1820, which was more than enough
to pay the note and charges of sale.   The terms of the sale were
$100 down, balance in twelve days on delivery of deed.

Within the twelve days, Ellen having paid the $100 on the
day she bid the property off, the plaintiff made out and tendered
to her attorney a deed of the property, and was informed by
him that she was unable to obtain money she had expected and
would not complete the sale, and then ascertained that she was
financially worthless.   No suit was brought by the plaintiff to
compel performance of the contract of sale.   After the expira-
tion of the twelve days, the property was again advertised for
sale, and notice of the sale given to the sureties ; but they con-
tended that the sale to Ellen discharged them on the note.   One

of them attended the sale, but did not bid, and the property was then sold for less than the amount due upon the note. Both had attended the sale to Ellen, and bid at that sale. The defendants were fully notified of all the proceedings, which were fair and in good faith, and with good judgment.

The sureties requested the judge to rule that, upon the above facts, the plaintiff could not recover. But the judge declined so to rule, and found for the plaintiff; and the sureties alleged exceptions.

*J. W. Cummings*, for the sureties.

*H. K. Braley*, for the plaintiff.

ENDICOTT, J. The presiding judge has found that the defendants had notice of all the proceedings attending the sales of the estate, under the power contained in the mortgage, and that everything was fairly conducted, in good faith and with good judgment. It also appears from the bill of exceptions, that the plaintiff seasonably tendered to the purchaser at the first sale a deed of the premises, and was then informed that she was financially worthless, that she was unable to obtain the money, and that she could not complete the sale.

We must take it to be an established fact, so far as this case is concerned, that the purchaser was unable to comply with the terms of the sale ; and, under the circumstances, we are of opinion that the plaintiff could properly offer the estate again for sale. *Wing* v. *Hayford*, 124 Mass. 249. *Hood* v. *Adams*, 124 Mass. 481. To bring a bill to compel specific performance of the contract of purchase by a person irresponsible and absolutely unable to pay for the estate, is not required of a mortgagee. It would be unreasonable and useless to impose such an obligation upon him, and the delay attending such proceedings might seriously affect the interests of the parties and the value of the property.

It being found that the plaintiff acted in good faith, with due regard to the interest of the sureties, we fail to find any reason why the plaintiff should not recover the balance due upon the note. *Draper* v. *Mann*, 117 Mass. 439.

*Exceptions overruled.*