### CONE v. HYATT.

(Filed June 6, 1903.)

1. MORTGAGES—*Trust Deeds—Foreclosure of Mortgages—Power of Sale —Limitations of Actions.*

The power of sale in a deed of trust or mortgage is not barred by the statute of limitations though an action for foreclosure thereon is barred.

2. LIMITATIONS OF ACTIONS—*Defenses—Waiver.*

The defense that a claim is barred by the statute of limitation may be waived by a failure to set it up.

3. LIMITATIONS OF ACTIONS—*Mortgages—Negotiable Instruments.*

Where a debt is made payable in two instalments, maturing at different times, the creditor may elect to wait to sue till the second instalment is due and the statute of limitations will not begin to run until that time.

4. LIMITATIONS OF ACTIONS—*Payments—Partial Extension of Time.*

A partial payment of a note in order to stop the running of the statute of limitation must be made by some one authorized to make it.

CLARK, C. J., and DOUGLAS, J , dissenting.

ACTION by Moses C. Cone against J. L. Hyatt and others, heard by Judge *W. A. Hoke* and a jury, at December Term, 1902, of the Superior Court of YANCEY County.

This action was brought by the plaintiff against the defendant to recover certain lands described in the pleadings. All of the parties claimed under J. W. Young who, with his wife, on the 8th day of September, 1885, executed a deed of trust to C. E. Graham for the land to secure a debt due to the plaintiff of $1,800, which was evidenced by two notes, one for $800, payable in twelve months, and the other for $1,000, payable in eighteen months after said date, with power of sale to be exercised if the defendant failed to pay the said notes or any part thereof at maturity, the proceeds of sale to be applied to the payment of the notes, whether

both are due at the time of sale or not.    Young having failed
to pay the said notes when they became due and the debt re-
maining unpaid on May 14, 1884, he executed on that date
to said Graham another deed of trust conveying the same
land and an additional tract, reciting the non-payment of the
notes and the agreement of the plaintiff to forbear the en-
forcement of the trust and allow Young one year from said
date to pay one-half of the indebtedness, and, if one-half
should be paid at the end of the year, then another year
within which to pay the remaining part of the debt.    It was
further provided in the deed that if there should be default
in the payment of one-half of the debt at the end of the first
year, or if that one-half was paid at maturity and there
should be default in the other half at maturity, then the trus-
tee should be authorized to sell the land and apply the pro-
ceeds to the payment of said debt.    Young failed to pay
either one of the notes and the trustee, some time before
December 16, 1900, advertised the land for sale on January
14, 1901, and sold it on that day, under the power contained
in the deed, to the plaintiff and executed a deed to him.
There was evidence tending to show that on February 27,
1888, Young paid $100 on the debt, and on Dec. 16, 1900,
the proceeds of the sale of part of the land, which was sold
under the power, were applied to the debt by the trustee.
The amount bid at the sale by the plaintiff was paid by him
on January 14, 1901, and also credited by the trustee on
the debt, leaving a balance of $2,600 or more due the plaintiff
on the notes.

The plaintiff requested the court to charge the jury that
the right of the trustee to sell under the power was not barred
by the Statute of Limitations until May 4, 1901, and fur-
ther that the plaintiff and trustee, if there was default in
the payment of the first half of the debt, could elect to wait
until the maturity of the second note before selling under the

power, and they having elected to sell after the latter date, the statute did not begin to run until May 4, 1891. The court refused the instruction and charged the jury that upon the evidence the plaintiff was barred by the statute, and that they should answer "No" to the second and third issues, which were as follows: 2. Is the plaintiff the owner of the land sued for and described in the complaint? 3. Is the defendant in the wrongful possession of said land? The jury answered the issues accordingly. The plaintiff in apt time excepted to the rulings and charge of the court, and appealed from the judgment rendered upon the verdict.

*Justice & Pless,* for the plaintiff.
*J. S. Adams,* for the defendants.

WALKER, J., after stating the case. We have held at this term in *Minzel v. Hinton* that the Statute of Limitations does not apply to a power of sale contained in a mortgage or deed of trust, when the deed is foreclosed, not in an action brought for that purpose, but simply by the mortgagee or trustee executing the power of sale. The statute was intended to apply only to actions or suits, and this is apparent from the very language of the law. In a case where it became necessary to decide whether a sale under a power was a suit or an action within the meaning of a statute, it was held that "a proceeding to foreclose a mortgage by advertisement is not a suit; such a proceeding is merely the act of the mortgagee exercising the power of sale given him by the mortgagor. In no sense is it a suit in any court, and all the definitions of that word require it to be a proceeding in some court." *Hall v. Bartlett,* 9 Barb., 300. In *Williams v. Mullis,* 87 N. C., 159, it appeared that a sale had been made under an execution issued upon a judgment which was barred by the statute, and a motion was made to set aside the sale on this account. This court held that the statute could not be availed of except

by answer, and in the opinion of the court, Ashe, J., clearly sets forth the reason for the decision in the following language:  "If then the statute applies only to the remedy it can not operate to extinguish the judgment after the expiration of the ten years, until an action or proceeding in the nature of *scire facias* is brought to revive it, when the statutory bar may be set up by answer as a defense to the action; and this is the only mode prescribed in the Code of Civil Procedure by which a defendant can avail himself of such a defense." It is needless to pursue the discussion of this branch of the case any further, as the matter is fully examined and the principles which govern in such cases are fully set forth in *Menzel v. Hinton, supra.*

This ruling is perhaps sufficient to dispose of this appeal, but if the statute had applied to the case presented, it could do so only by analogy, that is, by treating the proceeding taken out of court by the trustee in the execution of the power as substantially the same as a suit or action to foreclose the trust, and if this is done the analogy must be complete and the same principles which would apply to the suit or action should be extended throughout to the proceeding for the execution of the power. The argument advanced to show that the statute does apply to the execution of the power by the trustee must proceed upon the assumption that there is such an analogy, for it must be conceded, in view of so many decisions by this and other courts which establish the proposition, that the debt is not extinguished by the running of the statute, and the latter affects only the remedy. The argument can not be sustained upon the idea that the debt is gone and there is nothing, therefore, to support or justify the execution of the power. This court has said that the Statute of Limitations is a statute of repose. It suspends the remedy, but does not cancel the debt. *Capehart v. Dettrick,* 91 N. C., 351, 352.

If this supposed analogy between a proceeding to foreclose a deed of trust by advertisement and sale and a suit in court for that purpose does exist and the principles which govern a suit in court, upon a cause of action which is barred, are applied to the facts of this case, we find that no attempt was ever made by the defendants to plead the statute before the sale or otherwise to obtain the benefit of it, and the case, therefore, must stand, if the analogy is carried out to its legitimate consequences, just as if a suit had been brought, judgment of foreclosure rendered and a sale made and confirmed, so that the matter is finally closed and at an end, without the interposition in due time of any plea of the statute. Can it be said that a party under such circumstances may avail himself of the statute? While a party must be diligent in prosecuting his action, in order to enforce his rights or else be barred when sufficient time has elapsed for that purpose after the cause of action accrued, the other party who seeks to avail himself of this lapse of time must be equally diligent in bringing forward his plea or he will be deemed to have waived it. We do not mean to imply that there is any way known to the law by which a mortgagor or trustor can avail himself of the statute as against a mortgagee or trustee, who is attempting to execute the power under the deed of trust by what have been called proceedings *in pais,* instead of resorting to a suit in court. Indeed, such a right in the mortgagor or trustor to benefit by the statute under such circumstances has been held not to exist. In *Grant v. Burr,* 54 Cal., 298, the court decides that the running of the statute for the full period of limitation "does not operate as an extinguishment or payment," and when the legal title to land has been conveyed to a trustee to secure a debt, the power and title of the trustee are not affected by the expiration of the time prescribed to bar the debt, and a court of equity will not interpose to enjoin a sale under the deed.

The Statute of Limitations is to be employed as a shield and not as a sword; as a weapon of defense, not a weapon of attack. In other words, the Statute of Limitations by the very language of our Code is made the subject of a defensive plea only, and is required, therefore, to be specifically set up in that way in an action on the debt or deed of trust. "The objection that the action was not commenced within the time limited can only be taken by answer." Clark's Code (2nd Ed.), Sec. 138, and cases cited. It is never the proper basis of an action in which affirmative relief is sought. 19 Am. & Eng. Enc. (2nd Ed.), p. 178; *Moline Plow Co. v. Webb,* 141 U. S., 616. It is true a title to property may be acquired by adverse possession, but that is by express provision of the statute, and the statute is not then pleaded *eo nomine,* but the title or ownership is asserted or denied, as the case may be, and proof of a sufficient adverse possession may be offered to sustain the allegation or denial. The plea of the statute is not proper in such a case. *M'f'g Co. v. Brooks,* 106 N. C., 107; *Cheatham v. Young,* 113 N. C., 161; 37 Am. St. Rep., 617.

It has been suggested that the principle upon which such statutes are founded is the one taken from the civil law, by which a presumption of payment or release arises from the lapse of time. Mr. Wood in discussing this question says: "Whatever may formerly have been thought to be the ground upon which these statutes are based, it is now quite generally conceded that their purpose was, and is, to compel the settlement of claims within a reasonable period after their origin, and while the evidence upon which their enforcement or resistance rests is fresh in the minds of the parties or their witnesses, and that there is no presumption to be raised either as to payment or otherwise from the mere lapse of the statutory period more than would naturally arise as to any stale demand." 1 Wood on Limitations (1893), Sec. 5. The

Statute of Presumption has been repealed and for it has been substituted the Statute of Limitations, as a statute of repose which bars the remedy only.

But there is another reason why the statute can not avail the defendant either directly or indirectly: It is provided in the deed of trust that the debtor may have one year within which to pay one-half of the debt, and, if that one-half is paid at maturity, then another year to pay the other half. The provision is not in principle unlike the one in the deed which was construed in *Capehart v. Dettrick,* 91 N. C., 351. In that case it appeared that a series of notes had been given and secured by a deed of trust in which it was provided that if the debtor failed to pay any one of the series, all the notes should become immediately due and payable, and this court held that it was optional with the creditor whether or not he would avail himself of the right to accelerate the payment of the notes not actually due by their terms. The same principle was declared in *Barbee v. Scoggins,* 121 N. C., 135, and in that case it was further held that the failure of the creditor to exercise the option did not set the statute in motion. So, in our case, while the extension of payment of half of the debt for two years was made to depend upon the payment of the other half at the expiration of the first year, the plaintiff could waive the benefit of the condition or the payment of the first half of the debt and elect to wait until the end of the two years for the payment of the entire amount. The case of *Parker v. Banks,* 79 N. C., 481, 488, would seem to be directly in point. In that case, the court (Bynum, J.) says: "The condition of the mortgage was a continuing one—to pay in instalments, at several times—and the mortgagee could await the maturity of the last note before an entry and sale, or elect to treat the non-payment of the first or any subsequent note at maturity as a forfeiture of the mortgage. . . . This doctrine of election to waive or enforce a forfeiture is

discussed in *Towle v. Ayer,* 8 N. H., 57, and in Angell on Limitations, 470, and notes. The exercise of the right of election was a matter within the sound discretion of the mortgagee, to be determined by a prudent consideration of the interests of the parties to the trust, and his action is binding upon a mere volunteer claiming as a purchaser with full notice." In *Capehart v. Dettrick,* 91 N. C., 351, and *Barbee v. Scoggins,* 121 N. C., 135, the court held that the mortgagee or trustee had an option to sell, though by the terms of the deed, the entire debt was matured by the failure to pay any part of it. In *Cox v. Kille,* 50 N. J. Eq., 176, the court says: "It is urged that because the bond provides that in case interest remains due and unpaid for the space of thirty days, then the principal shall become instantly due and payable, without saying that it shall become so payable at the option of the holder of the bond, the obligor may consider the principal as due and discharge the bond. In other words, the claim is that the obligor by means of his own default may exercise the option, which most evidently the parties intended to give only to the obligee."

"Authorities need not be cited in support of the general doctrine that equity will not permit a party to take advantage of his own wrong. The principle, however, has frequently been applied when courts have been called upon to determine the rights between landlords and tenants, under similar circumstances. It is entirely optional with the lessor whether he will avail himself of this right of re-entry or not, although by the terms of the proviso, the term is to cease or become void for the non-performance of the covenants; and if the lessor does not avail himself of it, the term will continue, for the lessee can not elect that it shall cease or be void."

In construing a similar provision in a mortgage, the court, in *Lowenstein v. Phelan,* 17 Neb., 430, said: "The provision, however, is for the benefit of the mortgagee to enable

him to procure the money loaned at the time it was agreed to be paid. If the mortgagee so desires, he may institute an action upon default to foreclose and, upon obtaining a decree, have the premises sold. He need not do so, however. The stipulation being made for his benefit, he may waive it without putting himself in default." It follows, therefore, that if the Statute of Limitations applies in this case the right to foreclose was not barred until May 4, 1901, which was after the date of the sale under the power.

There was no error in the ruling of the court as to the payments, which the plaintiff alleged prevented the running of the statute. The reason why a part payment is allowed to prevent the bar of the statute is that it is deemed an admission of a subsisting liability, from which a promise, as of the date of the payment, to pay the balance of the debt will be implied, but in order to raise this implication there must be a voluntary payment by the debtor or by some one authorized to make the payment for him. The trustee was not so authorized in this case. *Battle v. Battle,* 116 N. C., 161.

Our conclusion is that in no view of the case was the plaintiff's right to recover affected by the Statute of Limitations, and the court below erred in holding that the plaintiff's cause of action is barred and in instructing the jury to answer the second and third issues "No."

New Trial.

CLARK, C. J., and DOUGLAS, J., dissent on grounds stated in their dissenting opinion in *Menzel v. Hinton, ante.*