## MILLER v. COXE.

(Filed December 8, 1903.)

1. REFERENCES — *Exceptions and Objections—Appeal—Judgments— The Code, sec. 550.*

   An appeal from a judgment on the report of a referee overruling exceptions thereto will be treated as an exception to the judgment based upon the conclusion of fact by the referee.

2. LIMITATIONS OF ACTIONS—*Mortgages.*

   A second mortgagee cannot have the first mortgage cancelled because it is barred by the statute of limitations.

3. LIMITATIONS OF ACTIONS — *Mortgages — Foreclosure of Mortgages—Power of Sale in Mortgages—The Code, sec. 152, subsec. 3—Acts 1893, ch. 6.*

   The execution of a power of sale in a mortgage is not barred by the statute of limitations referring to actions to foreclose mortgages.

4. LIMITATIONS OF ACTIONS—*Suretyship—Mortgages.*

   Where a surety executes a mortgage on his own land, an action to foreclose the same is not barred until the expiration of ten years.

ACTION by N. W. Miller against Frank Coxe and others, heard by Judge *E. B. Jones,* at March Term, 1903, of the Superior Court of Rutherford County. From a judgment for the plaintiff the defendants appealed.

*Solomon Gallert,* for the plaintiff.
*Justice & Pless,* for the defendants.

CONNOR, J. The plaintiff insists that the defendant Coxe has not filed exceptions, assigning error in the judgment of the Court below, as required by section 550 of The Code. Exceptions were filed to the report of the referee, and from his Honor's judgment overruling them the defendant appealed.

It would seem from the remarks of *Smith, C. J.,* in *Bank v. Manufacturing Co.,* 96 N. C., 298, and *Rhyne v. Love,* 98 N. C., 486, that the appellant should have filed exceptions to the action of the Court, pointing out in what respects error was assigned. "It is to be observed that no specific objection is taken to the rulings of the Court, as should have been done, limiting the examination to them, many of which objections to the referee's report, if this had been done, might not have been pressed in this Court, and so relieved it of unnecessary labor. The proper course is to take the exceptions to the ruling of the Court which the appellant wishes to be reviewed, after the rulings have been made, and to let them come up as a part of the record." Treating, however, the appeal as an exception to the judgment based upon the referee's conclusion of fact, as a case agreed or special findings of fact by the Court adopting as its own the findings of the referee, we proceed to dispose of the appeal upon the sole question presented and argued in this Court.

The *feme* defendant, S. C. Miller, as principal, together with her husband, J. A. Miller, as surety, executed to the defendant Coxe, on October 27, 1880, her bond under seal,

promising to pay, November 1, 1881, the sum of $500. On the same day they executed to said Coxe, for the purpose of procuring the payment of said note, a mortgage on several tracts of land. It does not appear very clearly from the record whether the first tract named in the mortgage belonged to the defendant J. A. Miller or not, the only language throwing any light upon this question being "where the said J. A. Miller now lives." The undivided interest in the other tracts is described as belonging to both of said parties. The referee finds that a part of the land belonged to J. A. Miller. The mortgage contains the usual power of sale. The only payment upon the bond was made by J. A. Miller, the surety, on March 7, 1896. It does not appear who has been in possession of the land since the execution of the mortgage or the date of the payment. On the 21st June, 1889, the defendant J. A. Miller executed to N. W. Miller his note, under seal, for the sum of $1,018.81, due one day after date, upon which several payments were made, the last being April 24, 1900. To secure said note the defendants J. A. Miller and wife executed to said N. W. Miller a mortgage upon a portion of the land described in the complaint and in the mortgage to Coxe. On September 28, 1898, the defendant Coxe, pursuant to the power of sale contained in his mortgage, advertised for sale the several tracts of land conveyed therein.

This action was brought by N. W. Miller against the defendants Coxe and Miller and wife for the purpose of restraining and enjoining the sale of the land and cancelling the mortgage from Miller to Coxe, alleging that the same was barred by the statute of limitations and was a cloud upon the title of said J. A. Miller and the plaintiff. The defendant Coxe answered the complaint, admitting the material facts, denying that his power of sale was barred by the statute of limitations, and demanded judgment that the Court vacate the restraining order granted and that the action be dismissed.

He asked for no affirmative relief. The defendants Miller and wife answered, admitting the material facts and saying: "These defendants aver and allege that it has been more than three years since the last payment on the Coxe note and mortgage and the bringing of this action, and the same are barred as to the surety J. A. Miller, and the defendant J. A. Miller hereby pleads the statute against said note and mortgage of the defendant Coxe." They further say that: "The allegation in the sixteenth paragraph of the complaint is admitted to be true and is adopted as a plea of the statute of limitations against the defendant Frank Coxe." The cause was referred, and the referee's findings of fact material to the decision of the exceptions argued in this Court are as above set forth.

The referee found as a conclusion of law that the right of the defendant Coxe to execute the power of sale contained in his mortgage was barred by the statute of limitations. His Honor overruled the exception to said finding, and rendered judgment accordingly, from which the defendant Coxe appealed.

The plaintiff insists that a second mortgagee may plead the statute of limitations as against a prior mortgagee, and for that position relies upon the decision of this Court in *Hill v. Hilliard,* 103 N. C., 34. That case came before the Court upon an agreed state of facts in which the simple question submitted was whether a subsequent mortgagee has the right to avail himself of the statute of limitations as a defense to the first mortgage. This proposition was held in the affirmative, and we think correctly so. In this case the first mortgagee, Coxe, has not instituted any action to foreclose his mortgage, nor does he in his answer ask for any affirmative relief. It is difficult to perceive how the subsequent mortgagee can bring the defendant into court for the purpose of having his mortgage cancelled because, as he avers, an action upon it would be barred if the statute was set up in an answer. He

is a proper but not a necessary party to an action brought by
the subsequent mortgagee for the foreclosure of his mortgage.
This Court held at the last term, in *Menzel v. Hinton,* 132
N. C., 660, that the execution of a power of sale is not within
the language of section 152 (3) of The Code, saying: "It is
not necessary for the mortgagee to institute an action for the
foreclosure of the mortgage or the execution of the power of
sale; hence no time is fixed by the statute within which he
must execute the power. The word 'action' in the paragraph
evidently has reference to the action for foreclosure, and not
to the execution of the power of sale, which requires no
action." To construe the action otherwise would be to write
into it language which we do not find there. See also *Cone v.
Hyatt,* 132 N. C., 810, in which *Walker, J.,* says: "The stat-
ute was intended to apply only to actions or suits, and this
is apparent from the very language of the law. In a case
where it became necessary to decide whether a sale under a
power was a suit or an action within the meaning of a statute
it was held that a proceeding to foreclose a mortgage by adver-
tisement is not a suit. Such a proceeding is merely an action
of the mortgagee exercising the power of sale given him by
the mortgagor. In no sense is it a suit in any court, and all
the definitions of that word require it to be a proceeding in
some court."

We have carefully considered the principle upon which
these cases were decided, and see no reason to change the con-
clusion then reached. This case would come clearly within
the principle decided in *Hutaff v. Adrian,* 112 N. C., 259,
where it was held that a mortgagor in possession is not entitled
to an injunction to restrain a sale upon the suggestion that the
execution of the power was barred. This conclusion was in
no degree affected by the decision in *Menzel v. Hinton, supra.*
The plaintiff, recognizing this difficulty, says that he may
maintain this action for the purpose of removing a cloud upon

his title under the act of 1893, chapter 64. Whether this act changes the well-settled rule that the statute of limitations can be used only "as a shield and not as a sword," as a defense and not as a cause of action, is an interesting question which it is not necessary for us to decide in this case, as in no point of view is the plaintiff entitled to the relief asked.

There is, however, another point fatal to the plaintiff's action. It will be observed that the defendant J. A. Miller, as surety for his wife, executed the mortgage on his own land to secure the debt. An action on the note against him *in personam* was barred after three years, but in respect to an action to foreclose the mortgage executed by him it was barred only after ten years. He made a payment on the note March 7, 1896. In this action the creditor, Coxe, asks for no judgment against Miller, either *in personam* or upon his mortgage. What effect the payment of March 7, 1896, would have upon the statutory bar in respect to an action for the foreclosure of a mortgage executed by J. A. Miller presents an interesting question. It is well settled that the three-years bar of the statute available to the surety in an action against him would not affect the right of the mortgagee to an action for the foreclosure of a mortgage if brought within ten years. If the defendant Coxe had instituted an action to foreclose the mortgage executed by Miller it would seem that he could not avail himself of the ten-years bar, because in respect to that cause of action there was a payment within the statutory period. However this may be, as we have seen, the case falls clearly within the principle of *Menzel v. Hinton* and *Cone v. Hyatt, supra,* and we must reverse his Honor's ruling in holding that the defendant's right to execute the power of sale is barred.

It may not be out of place to say, as intimated in *Menzel v. Hinton,* that an amendment of section 152 (3) of The Code by inserting after the words "real property" the words "or the execution of a power of sale in a mortgage on real prop-

erty" would bring the law, in respect to the time within which an action must be brought or the execution of the power be enforced, in harmony.

The judgment of the Court below must be reversed and the cause remanded, that such other and further orders may be made as are in accordance with the rights of the parties.