ODOM ALEXANDER v. B. M. BOYD AND COLEMAN A. HUNTER, TRUSTEE, AND STATE COMMERCIAL CORPORATION.

(Filed 25 January, 1933.)

1. **Mortgages H h—Requirement of cash deposit of twenty-five per cent of bid at foreclosure sale held unreasonable.**

Under the provisions of our statute, C. S., 2591, the last and highest bidder at a foreclosure sale obtains no interest in the land until the elapse of the ten-day period for the filing of an increased bid, and although the mortgagee or trustee may, in fixing the terms of the sale, require a reasonable cash deposit to cover the cost of the sale and insure completion of the sale by the purchaser if no upset bid is made, the reasonableness of such deposit may be determined by analogy to the deposit required for an upset bid, and where a deed of trust provides that the sale should be for cash, and the trustee, after notice, demands a cash deposit at the sale amounting to twenty-five per cent of the bid: *Held*, the amount demanded as a cash deposit is unreasonable, and where the last and highest bid of a proposed purchaser at the sale is refused because of his failure to make the required deposit, and the land is again exposed to sale and bid in by another who makes the deposit, an order restraining the execution of a deed to the second purchaser is properly continued to the final hearing.

2. **Mortgages C a—**

The statutory provisions relating to foreclosure of mortgages and deeds of trust in force at the time of the execution of such instruments become a part thereof as much as though written therein.

3. **Mortgages H h—**

The courts look with jealousy on the power of sale contained in mortgages and deeds of trust and the provisions are strictly construed.

APPEAL by defendants from *Finley, J.*, 31 May, 1932, of MECKLENBURG. Affirmed.

This is a civil action wherein the plaintiff sought relief by restraining order to forbid B. M. Boyd and Coleman A. Hunter, trustees, from making a deed to State Commercial Corporation of certain property of the plaintiff, and that temporary restraining order was signed as shown in transcript of record and was made permanent until the hearing as shown by judgment signed by his Honor, T. B. Finley, as shown in transcript of record.

The plaintiff and his wife, Bennetta H. Alexander, executed and delivered a deed of trust to B. M. Boyd and Coleman A. Hunter, trustees, dated 30 November, 1927, and which is recorded in the office of the register of deeds for Mecklenburg County, North Carolina, in Book 686, at p. 55, said deed of trust securing an indebtedness of $7,500 for money

borrowed on real estate, described in said deed of trust and also set forth in the plaintiff's complaint as shown in transcript of record, and that said deed of trust provided in case of default in the payment of the indebtedness secured therein the following provision:

"In case of sale the same shall be by public auction for cash at such time and place that may be determined by the trustees after first advertising the time and place and terms of sale." That the plaintiff and his wife defaulted in the payment of the indebtedness as secured in said deed of trust and according to its terms and conditions, and that demand was made upon said trustees to foreclose the property by the owner and holder of the indebtedness, and that pursuant to such demand, the said trustees did advertise the said property to be sold on 18 April, 1932, said advertisement being in accordance with the terms of the deed of trust, and that the property was duly and legally advertised for sale, and said notice of sale contained the following stipulation:

"Notice is hereby given that the trustees will require a cash deposit of at least 25 per cent of the bid from the successful and high bidder at this sale to be deposited with the said trustees at the time and place to guarantee performance of the bid in the event the bid is not later raised. The trustees reserve the right to reject any bid unless this cash deposit is made at the time of sale as herein advertised."

That on 18 April, 1932, the said B. M. Boyd, trustee, at the usual place of sale at the courthouse of Mecklenburg County exposed said property for sale, when and where one Ralph Rollins became the last and highest bidder therefor in the sum of $7,500 and taxes. The said property was offered subject to the stipulation contained in the advertisement requiring the cash deposit of 25 per cent, and that said requirement was announced by the said B. M. Boyd, trustee, at the time the property was exposed for sale, stating that said deposit could be made to the trustee or James M. Yandle, clerk of the Superior Court, and that the said Ralph Rollins failed to make such a deposit, and that the said B. M. Boyd, trustee, in about ten or fifteen minutes after the failure of the said Ralph Rollins to make said deposit, reëxposed said property for sale, when and where State Commercial Corporation bid in the said property in the sum of $7,000 subject to taxes.

That the sale was duly reported to the clerk of the Superior Court for increased bid, but no increased bid has been placed thereon, and that on 27 April, 1932, the plaintiff secured a temporary restraining order enjoining and restraining the trustees to make deed to the State Commercial Corporation for said property in accordance with said sale and its bid as set forth in transcript of record; that said trustees did refrain from making deed to said State Commercial Corporation, and that a

hearing of said restraining order was had before his Honor, T. B. Finley, on 31 May, 1932, and that his Honor, T. B. Finley, judge presiding, signed judgment or order making the temporary restraining order which had been issued heretofore by his Honor, Cameron MacRae, permanent.

The judgment or order signed by the court below is as follows:

"This cause coming on to be heard before his Honor, T. B. Finley, judge presiding over the courts of the Fourteenth Judicial District, and being heard upon affidavits presented by the plaintiff and the defendant and upon argument by counsel for the plaintiff and for the defendants, and it appearing to the court that the restraining order heretofore issued in this action ought to be continued until the trial and adjudication of the questions of law and fact raised by the pleadings herein.

"Now, therefore, upon motion of W. S. Blakeney, attorney for the plaintiff, it is hereby ordered, adjudged and decreed that the restraining order heretofore entered in this action be and it is hereby continued to the final hearing and adjudication of the issues herein. This order is made, however, upon the condition and express reservation that the plaintiff on or before 6 June, 1932, enter into a bond with good and sufficient surety, to be approved by the clerk of the Superior Court of Mecklenburg County, in the penal sum of $350.00 guaranteeing to the defendants the payment, in the event it is finally determined that this order should not have been granted the plaintiff, of the sum of $40 per month from 6 June, 1932, until such time as the plaintiff may relinquish to the defendants the possession of the premises described in the complaint, no part of said sum to be payable, however, until and unless it is finally determined that this order should not have been granted to the plaintiff. And in case the plaintiff fails by 6 June, 1932, to give such bond upon the terms and conditions aforesaid, then this order is to be null and void and the temporary restraining order heretofore issued in this action is to be dissolved."

The judgment or order was complied with and bond given. The defendants excepted and assigned error to the judgment as signed and appealed to the Supreme Court.

*W. S. Blakeney for plaintiff.*
*Scarborough & Boyd and Fred H. Hasty for defendants.*

CLARKSON, J. The only question presented by this appeal is whether or not the trustees in a deed of trust with power to sell, where the instrument itself provides that "In case of sale same shall be by public auction for cash" can, in their discretion, require the successful and high bidder to deposit 25 per cent of his bid in cash at the time and place of sale

to show good faith and to guarantee the performance of his bid in the event his bid is not raised within the ten-day period allowed by law? We think not, on account of the statute in this State.

"It is also settled that the laws which subsist at the time and place of the making of a contract, and where it is to be performed, enter into and form a part of it, as if they were expressly referred to or incorporated in its terms. This principle embraces those which affect its validity, construction, discharge, and enforcement." *Von Hoffman v. City of Quincy,* 4 Wall., 535, *Bateman v. Sterrett,* 201 N. C., at page 62.

C. S., 2591, N. C. Code, 1931 (Michie), is as follows: "In the foreclosure of mortgages or deeds of trust on real estate, or by order of court in foreclosure proceedings either in the Superior Court or in actions at law, or in the case of the public sale of real estate by an executor, administrator, or administrator with the will annexed, or by any person by virtue of the power contained in a will, the sale shall not be deemed to be closed under ten days. If in ten days from the date of the sale, the sale price is increased ten per cent where the price does not exceed five hundred dollars, and five per cent where the price exceeds five hundred dollars, and the same is paid to the clerk of the Superior Court, the mortgagee, trustee, executor, or person offering the real estate for sale shall reopen the sale of said property and advertise the same in the same manner as in the first instance. The clerk may, in his discretion, require the person making such advance bid to execute a good and sufficient bond in a sufficient amount to guarantee compliance with the terms of sale should the person offering the advance bid be declared the purchaser at the resale. Where the bid or offer is raised as prescribed herein, and the amount paid to the clerk, he shall issue an order to the mortgagee or other person and require him to advertise and resell said real estate. It shall only be required to give fifteen days notice of a resale. Resales may be had as often as the bid may be raised in compliance with this section. Upon the final sale of real estate, the clerk shall issue his order to the mortgagee or other person, and require him to make title to the purchaser. The clerk shall make all such orders as may be just and necessary to safeguard the interest of all parties, and he shall keep a record which will show in detail the amount of each bid, the purchase price, and the final settlement between parties. This section shall not apply to the foreclosure of mortgages or deeds of trust executed prior to April first, nineteen hundred and fifteen."

*In re Sermon's Land,* 182 N. C., at p. 126-7, speaking to the subject: "The section enters and must be allowed controlling effect upon every deed of trust or mortgage with power of sale executed since the date specified, see *White v. Kincaid,* 149 N. C., 415, and provides and intends

to provide that during the ten days, as stated in the first clause, the bidder acquires no interest in the property itself, but he acquires a position similar to a bidder at a judicial sale and before confirmation. This in our opinion follows not only as the natural meaning of the words used, that the sale shall not be deemed closed under ten days, but the position is fully confirmed by the further provisions of the law that during said ten days the matter is kept open for receipt of increased bids, and in case the stipulated increase is made, the property shall be readvertised and a second sale had. This being clearly the meaning of the law and the position of the purchaser. It is the accepted law in this State that a bidder at a judicial sale before confirmation acquires no interest in the property itself, but his bid is considered only a proposal to buy, which the court may accept or reject in its discretion. In *Upchurch v. Upchurch,* 173 N. C., 88-90, the Court said: 'His offer is considered only a proposition to buy at the price named, the court reserving the right to accept or reject the bid.'" *Cherry v. Gilliam,* 195 N. C., 233; *Davis v. Ins. Co.,* 197 N. C., 617.

In *Hanna v. Mortgage Co.,* 197 N. C., at p. 186, we find: "The principle upon which specific performance of a binding contract to convey land is enforceable, has no application to the successful bidder at a sale under the power contained in a mortgage or deed of trust of lands, during the 10-day limitation prescribed in C. S., 2591, there is no binding contract of purchase, and the bargain is incomplete. Under the provisions of this section, the bidder at the sale during the period of ten days acquires no interest in the property itself, but only a position similar to a bidder at a judicial sale, before confirmation. He is only considered as a preferred bidder, his right depending upon whether there is an increased bid and a resale of the land ordered under the provisions of the statute."

In 3 Jones on Mortgages (8th ed.), part sec. 2407 at p. 930, we find: "In fixing the terms of payment for a sale under a mortgage or trust deed, the mortgagee or trustee is bound to act fairly and with proper discretion. It is usual and proper to require a deposit at the time of sale of a reasonable sum to cover the expense of sale, and insure the completion of it by the purchaser. Such a reasonable deposit is forfeited to the use of the mortgagee if the purchaser fails to comply with the terms of sale, and he cannot recover it back from the mortgagee. If the payment of the whole amount of the purchase money be arbitrarily required at the time of sale, or within an hour's time after it, against the remonstrances of persons in attendance at the sale, the sale will be set aside. It must be shown, however, that this requirement had the effect of keeping persons present from bidding. A requirement, not of the

immediate payment of the entire purchase money, but of a deposit of a sum usually large, and not proportioned to the value of the property, would have the same effect in invalidating the sale. It is not unreasonable to require the payment of five hundred dollars down upon a sale under a mortgage for eight thousand dollars, although the advertisement of the sale did not state that such a payment would be required, but did state that the terms of sale would be stated at the time of sale." *Redfern v. McGrady,* 199 N. C., 128.

An upset bid under C. S., 2591, "If in ten days from the date of the sale, the sale price is increased ten per cent where the price does not exceed five hundred dollars, and five per cent where the price exceeds five hundred dollars."

By analogy a deposit at the sale as is allowed in an upset bid under the statute, we think reasonable. In regard to receivers and giving of bond in cases of insolvency, see C. S., 860, 861; *Ellington v. Currie,* 193 N. C., 610; *Woodall v. Bank,* 201 N. C., 428.

The courts look with jealousy on the power of sale contained in mortgages and deeds of trust and the provisions are strictly construed. It is a matter of common knowledge that money originally loaned is usually some 25 to 50 per cent of the value of the property. In these deflated times of stress and unemployment, where it takes twice as much labor and the product of the soil to equal a dollar in value as compared with the value at the time the debt was contracted, it behooves security holders to deal gently with the now impoverished real estate and home owners.

At this time we do not think it amiss to quote from what the Supreme Court of South Carolina has recently said, speaking through its able, learned and humanitarian *Chief Justice Eugene S. Blease.* The decision was filed on 2 December, 1932. *Theo. Seminary v. Arnette et al.,* and is as follows: "As to a sale of the mortgaged premises during the present great financial depression existing throughout the whole country. we deem it not out of place for this Court to say that we think it is not only within the power of the Circuit Judge sitting as a Chancellor in Equity to take present conditions into consideration, but that it is right for him so to do in fixing the time for the sale. The Court of Equity was established for the purpose of giving relief that is equitable, not only to plaintiffs, but to defendants in that court. The defendants in mortgage foreclosure cases, especially those whose homes are involved, who are without fault of their own, but on account of the country's condition are unable to meet their obligations, and the infant defendants in this cause certainly come within that class, are entitled to much consideration and such relief as it is proper for equity to give them, just as

the plaintiff is entitled to consideration and relief. (See *Sou. Trust Co. v. Cudd,* 166 S. C., 108, 164 S. E., 428, as to similar expressions of this Court.) The fixing of the time of sale of mortgaged premises is almost entirely within the discretion of the Circuit Judge, and he may, in his decree, fix reasonable conditions. We are confident that the judge who finally fixes the time of sale in this case will take into proper consideration the rights and circumstances of the defendants, and that his decree, with proper conditions stated therein, will protect those rights."
For the reasons given the judgment of the court below is

Affirmed.