### LESTER PIANO COMPANY v. MRS. MARY LOVEN.

(Filed 10 October, 1934.)

**Limitation of Actions A c—Three-year statute applies to claim and delivery for chattel covered by conditional sale contract not under seal.**

Defendant had possession of a chattel purchased by her under a promissory note and conditional sale contract not under seal. Plaintiff, the owner of the conditional sale contract, instituted claim and delivery proceedings for the possession of the chattel for sale under the terms of the contract. Defendant pleaded the three-year statute of limitations, and

plaintiff admitted that there had been no new promise or payment on the purchase price for over three years prior to the institution of the action: *Held,* the three-year statute of limitations, C. S., 441 (1), (4), barred the ancillary remedy of claim and delivery, C. S., 830, action on the note being also barred by the statute.

APPEAL by plaintiff from *Warlick, J.,* at April Term, 1934, of AVERY. Affirmed.

The judgment of the court below is as follows: "It is agreed that the plaintiff is a corporation organized and existing under and by virtue of the laws of the State of Pennsylvania, and that the defendant is a resident of Avery County. It is agreed that the plaintiff is the owner and holder of the conditional sales and retention title contract to the piano described in the complaint, which is in words and figures as follows:

"$295.00. Hickory, N. C., 4-2-1926. For value received, I, the undersigned, of No.................. Street, town of Newland, county of Avery, State of North Carolina, promise to pay to the order of Jno. F. Warren Music Company, of Hickory, N. C., two hundred and ninety-five dollars at its office in Hickory, N. C., as follows: Ten dollars this date and ten dollars per mo, until paid, with interest on each of said sums at the rate of six per centum from date hereof until paid, with exchange. The consideration for the payment of the above named amounts is the delivery by said Jno. F. Warren Music Company to the undersigned of one piano made by Lester Company, No. 87317, Style Mah 40. It is expressly agreed by and between the said Jno. F. Warren Music Company and the undersigned that the title to said instrument shall remain in the Jno. F. Warren Music Company until the entire purchase price, with interest, is fully paid; but the undersigned hereby assumes all liability for said instrument in the event of its being destroyed or damaged, reasonable use and wear thereof excepted; and if the undersigned shall fail to make any of the aforesaid payments within thirty days after such payments respectively fall due, said Jno. F. Warren Music Company may at its option, with or without notice to the undersigned, declare all unpaid installments immediately due and payable and shall have the right to retake said instrument. In case Jno. F. Warren Music Company shall retake possession of said instrument, all moneys paid on the purchase price thereof shall belong to Jno. F. Warren Music Company as liquidated damages for the nonfulfillment of this contract, loss in value of said instrument, and for the use or rental of said instrument while remaining in possession of the undersigned. In case of legal proceedings, the undersigned agrees to pay such costs as may accrue.

"The undersigned agrees not to move the instrument herein described without the consent of Jno. F. Warren Music Company, also to have it

4—207

insured and pay the loss, if any, to Jno. F. Warren Music Company, as its interest may appear; also to pay any taxes levied against the same while in his possession. Mrs. Mary Loven (Signed). Witness: W. H. Yoder.

"It is agreed that under said conditional sale agreement or contract the plaintiff made demand for possession of the piano, and the demand was refused, and claim and delivery issued with proper bond on the part of the plaintiff was issued, and that a proper replevy bond was given by the defendant. The value of the property is admitted to be $150.00.

"It is agreed by the plaintiff that no payment has been made by the defendant to the plaintiff within the past three years, and that for three years or more prior to the institution of the action the defendant paid no amount of said contract.

"Upon the agreement of the facts above stated, the court is asked to pass upon only the question of whether or not the plea of the statute of limitations made by the defendant in her answer, and admitted by the plaintiff in the findings of fact, is good as a bar, it being admitted that it is properly pleaded, to the maintenance of this suit or action at law by the plaintiff, and that the said statute of limitations is the sole question to be passed on by the court, the parties waiving a jury trial, and agreeing that in the event the court is of the opinion that the plea of the statute of limitations is good, that the court would then, if there had been a jury trial, or if the jury had been impaneled, peremptorily instructed the jury that as a matter of law that they would answer any issue submitted to the jury as to the plea of the statute of limitations in favor of the defendant.

"The court thereupon holds, on the admission being made that no payment has been made within three years or more by the defendant to the plaintiff or anyone for the plaintiff, within three years or more prior to the institution of the action, that the plea of the statute of limitations would prevail, and so stating to the parties authorizes the drafting of a judgment to the effect that the defendant is not indebted to the plaintiff under her plea of the statute of limitations, and not being indebted to the plaintiff, that the plaintiff would not be entitled to the property for the purpose of exposing it to sale under the statute applicable to the sale of the property under conditional sales contract for the purpose of satisfying the amount due thereon. And from the foregoing judgment and signing thereof the plaintiff in open court gives notice of appeal to the Supreme Court. Further notice waived.

"By consent, the plaintiff appellant is allowed forty days to make up and serve statement of case on appeal, and the defendant appellee is allowed thirty days thereafter to serve countercase or file exceptions. Appeal bond in the sum of $50.00 adjudged sufficient. (Signed) Wilson Warlick, Judge Presiding."

The exceptions and assignments of error made by plaintiff are as follows: "First. To the action of the court in holding that the statute of limitations pleaded by the defendant in her answer is applicable to this action and bars the plaintiff from recovering the possession of the property in question.

"Second. To the action of the court in signing and entering the judgment appearing in the record."

*J. V. Bowers for plaintiff.*
*Charles Hughes for defendant.*

CLARKSON, J. Is the plaintiff, under the above facts in this claim and delivery proceeding, barred by the three-year statute of limitation? We think so.

N. C. Code, 1931 (Michie), sec. 441 (1) and (4), are as follows: "Within three years an action—(1) Upon a contract, obligation or liability arising out of a contract, express or implied, except those mentioned in the preceding sections. . . . (4) For taking, detaining, converting or injuring any goods or chattels, including action for their specific recovery."

In *Battle v. Battle,* 116 N. C., 161 (163-164), it is said: "The Code, sec. 172 (C. S., 416), requires an acknowledgment or new promise to be in writing left the effect of a partial payment in removing the bar of the statute of limitations as it was before the Code of Civil Procedure. *Bank v. Harris,* 96 N. C., 118. The effect of partial payment in stopping the running of the statute is not by virtue of any statutory provision. It was not in the statute of James I, but was an exception allowed by the courts, and its application depends upon the reasoning in such decisions. The Act of 9 George IV, C 14, in a similar way to our statute, merely recognizes the exception as existing. Partial payment is allowed this effect only when it is made under such circumstances as will warrant the clear inference that the debtor recognizes the debt as then existing and his willingness, or at least his obligation, to pay the balance." *Nance v. Hulin,* 192 N. C., 665. C. S., 416. N. C. Practice and Procedure in Civil Cases (McIntosh), sec. 131.

The contract sued on is not under seal and there is no new promise or partial payment on the note. The plaintiff alleges in its complaint of claim and delivery the following: "That the plaintiff is the owner of that certain upright piano made by Lester Piano Company, No. 87317, Style Mah 40, by virtue of a conditional sale and retention title contract executed by the defendant to the title to said piano, of which contract the plaintiff is the owner thereof."

N. C. Code, 1931 (Michie), sec. 830, is as follows: "The plaintiff in an action to recover the possession of personal property may, at the time

of issuing the summons or at any time before, answer, claim the immediate delivery of the property as provided in this article."

In *Wilson v. Hughes*, 94 N. C., 182 (185-186), citing numerous authorities, is the following: "We observe that this is called an 'action of claim and delivery.' Properly and strictly speaking there is no such action. The action commonly so-called is an action to recover the possession of personal property—some specific chattel—and is of the nature of the action of detinue under the common-law method of procedure. 'Claim and delivery of personal property' is a provisional remedy, incident and ancillary, but not essential to the action. The object of such incidental provision is to enable the plaintiff, upon giving an undertaking in double the value of the property in question, with approved security, as required by the statute, to obtain the immediate possession of the same, unless the defendant shall give a similar undertaking and security for its delivery to the plaintiff, if it shall be so adjudged, and for the payment of such costs as may be adjudged against him in the action. Thus, the property, or the value of it, is made secure pending the action, in such way as to answer the purpose of the final judgment. This provisional remedy is peculiar to the Code method of procedure, and gives the action something of the nature of the action of replevin at the common law.

" 'Claim and delivery' of the property may be omitted, and the action may be simply to recover the possession of the specific chattel, as in detinue, or to recover the value of the property as in trover or trespass. In any case, it is incident to an action and provisional only." See Foreclosure of Conditional Sales, sec. 2587. *House v. Parker,* 181 N. C., 40.

The defendant in her answer pleaded the three-year statute of limitations: "That if the defendant is due the plaintiff any amount whatsoever, which she now denies, it has been a number of years since any demand was made upon her by plaintiff for payment, until at the time of or immediately before the institution of this action, and it has been more than three years since any payment has been made to the plaintiff on its alleged account against her, and the defendant now pleads the three-year statute of limitations as a bar to plaintiff's right to recover in this action."

We think that section 441 (1) and (4), *supra,* bars the plaintiff's ancillary claim and delivery proceeding. The present proceeding concerns personal property. N. C. Code, 1931 (Michie), sec. 437: "Within ten years an action—(2) Upon a sealed instrument against the principal thereto. (3) For the foreclosure of a mortgage, or deed in trust for creditors with a power of sale, of real property, where the mortgagor or grantor has been in possession of the property, within ten years after the

forfeiture of the mortgage, or after the power of sale became absolute, or within ten years after the last payment on the same."

N. C. Code, 1931 (Michie), sec. 2589, is as follows: "The power of sale of real property contained in any mortgage or deed of trust for the benefit of creditors shall become inoperative, and no person shall execute any such power, when an action to foreclose such mortgage or deed of trust for the benefit of creditors would be barred by the statute of limitations."

The holding in *Menzel v. Hinton,* 132 N. C., 660, and in *Cone v. Hyatt,* 132 N. C., 810, that the power of sale in a deed of trust or mortgage is not barred by the statute of limitations, though an action for foreclosure thereon is barred, is changed by this section, *supra. Humphrey v. Stephens,* 191 N. C., 101.

For the reasons given, the judgment of the court below is
Affirmed.