H. K. SPAIN v. FLORENCE HINES.

(Filed 23 November, 1938.)

**1. Mortgages § 31a—**

C. S., 437 (3), barring an action to foreclose a mortgage or deed of trust after the lapse of ten years from the maturity of, or the last payment on, the indebtedness when the mortgagee or trustor remains in possession, applies only to actions to foreclose, and the statute must be pleaded.

**2. Mortgages § 32e—**

C. S., 2589, barring the exercise of the power of sale contained in a mortgage or deed of trust after the lapse of ten years from the maturity of, or last payment on, the indebtedness when the mortgagor or trustor remains in possession, need not be pleaded, but constitutes a direct prohibition of the exercise of the power.

**3. Mortgages § 32a—**

Foreclosure by exercise of the power of sale is in derogation of the common law and is regarded with jealousy by the courts.

**4. Same—**

The execution of deed to the successful bidder at the sale is an essential element of foreclosure by exercise of the power of sale, and the right to convey is included in the power of sale, and the exercise of the power is not completed until deed is executed.

**5. Mortgages § 32e—**

C. S., 2589, must be construed in the light of its purpose to provide as complete a bar to the exercise of the power of sale as is provided by C. S., 437, against foreclosure by action, and the statute must be construed strictly against the exercise of the power and all doubt resolved in favor of the trustor.

**6. Same—Each essential step in the exercise of the power of sale must be completed before the bar of the statute.**

Since the execution of deed to the successful bidder is an essential step in foreclosure by exercise of the power of sale, the statute, C. S., 2589, bars the execution of the deed to the successful bidder or to his assignee after the expiration of the statutory period when the mortgagor or trustor remains in possession, notwithstanding that the auction sale may have been held prior to the bar of the statute.

**7. Mortgages § 42—**

Deed of the trustee, in which the last and highest bidder at the sale joins to convey his interest, even if construed as an assignment of the bid, conveys no title when executed after the bar of the ten-year statute, C. S., 2589.

**8. Contracts § 8—**

Pertinent public statutes in force at the time of the execution of a contract are controlling.

SPAIN v. HINES.

APPEAL by defendant from *Grady, J.,* at Spring Term, 1938, of PAMLICO. Reversed.

The plaintiff brought an action in ejectment to recover of the defendant a tract of land of which he alleges he was owner in fee, and of which defendant was in possession.

The plaintiff claimed to derive title through foreclosure of a deed of trust executed by defendant. On the trial he introduced a deed from Z. V. Rawls to Caesar H. Hines and Florence Hines—the latter this defendant—conveying the premises in fee; the deed of trust above mentioned, dated 21 January, 1921, from Caesar Hines and wife, Florence, to W. J. Swan, trustee, to secure a note made to Mrs. H. J. Kennedy, due 16 November, 1921; a record from the Book of Sales of the office of the clerk of the Superior Court showing a foreclosure sale under the deed of trust, made by Swan, trustee, 2 September, 1930, at which H. G. Swan, brother of the trustee, was last and highest bidder at the purchase price of $1,300. Plaintiff then introduced a deed of W. J. Swan, trustee, and H. G. Swan to Gurney P. Hood, Commissioner of Banks, dated 30 April, 1936. This deed purports to be based on the foreclosure sale under the power of sale contained in the original trust deed, and H. G. Swan joins in the deed for the "purpose of conveying any interest he got in the land by virtue of his said bid." (We are using the language of the record, as the deed itself is not given as an exhibit.) There followed a deed of Gurney P. Hood, Commissioner of Banks, to J. W. Cowell, and a deed of Cowell and wife to plaintiff.

W. J. Swan testified for plaintiff that he procured his brother to bid at the sale; and as to the purchase price said: "I never took a note from my brother, Hugh Swan, for the $1,300 purchase price item. I reported it as a note, and Florence Hines refused to vacate the property, and no note was given, but put the note under my inventory never paid. I intended to collect it."

There was evidence relating to the payment or nonpayment of the purchase price by H. G. Swan, and evidence relating to the *bona fides* of the transactions involved in the alleged foreclosure, which are not relevant to this opinion.

The evidence showed that defendant had been in uninterrupted possession of the premises down to the time of trial.

*J. C. Dees and R. E. Whitehurst for plaintiff, appellee.*
*Ward & Ward for defendant, appellant.*

SEAWELL, J. It is not necessary for us to examine into the form and legality of the attempted conveyance by W. J. Swan, trustee, and H. G.

Swan, to Gurney P. Hood. If the transaction could be considered formally sufficient, the grantors had no power at that late date to make the conveyance.

No deed to H. G. Swan, the successful bidder at the foreclosure sale, was ever made; and while we do not question the right of a successful bidder to transfer his bid with proper observance of the formalities required in conveying an interest in land, the fact remains that no conveyance was made by the trustee until 30 April, 1936, nearly fifteen years after the due date of the note secured by the deed of trust, and, of course, more than ten years after the said note was subject to the bar of the statute of limitations under C. S., 437.

Consolidated Statutes, 437—the ten-year statute of limitation—applies to actions for foreclosure of a mortgage or deed of trust and not to foreclosure under a power of sale. *Miller v. Coxe,* 133 N. C., 578, 582, 45 S. E., 940; *Cone v. Hyatt,* 132 N. C., 810, 44 S. E., 678.

"437. Ten Years. . . . 3. For the foreclosure of a mortgage, or deed in trust, for creditors with a power of sale, of real property, where the mortgagor or grantor has been in possession of the property, within ten years after the forfeiture of the mortgage, or after the power of sale became absolute, or within ten years after the last payment on the same."

To take benefit under such a statute, it must be pleaded. This is always possible, since the institution of the action provides the forum. There is no such forum provided in which to stop the exercise of the power of sale on a stale claim, and perhaps it was for this reason that Consolidated Statutes, section 2589, was enacted. This reads as follows:

"2589. Real property; power of sale barred when foreclosure barred. —The power of sale of real property contained in any mortgage or deed of trust for the benefit of creditors shall become inoperative, and no person shall execute any such power, when an action to foreclose such mortgage or deed of trust for the benefit of creditors would be barred by the statute of limitations."

This means, of course, that the power referred to in the statute must be exercised within the ten-year period following the maturity of the note, or from the last payment thereon. The evidence here shows no payment or other transaction which would take the note out of the bar of the statute of limitations, counting from its maturity.

Section 2589 is not a mere statute of limitation, and need not be pleaded by a party whose rights may be affected. It simply destroys, by direct prohibition, the authority of any power of sale made in the mortgage contract or conveyance. *Jenkins v. Griffin,* 175 N. C., 184, 95 S. E., 166; *Meadows Co. v. Bryan,* 195 N. C., 398, 142 S. E., 487; *Serls v. Gibbs,* 205 N. C., 246, 171 S. E., 56; *Piano Co. v. Loven,* 207 N. C., 96, 101, 176 S. E., 290.

A comparison of the dates above listed shows that the land was sold at public auction under the power of sale on 2 September, 1930, which was within the ten-year period during which the powers created in the trust deed might be exercised, and bid in for Hugh Swan.

The trustee's deed, as stated, was not executed until about fifteen years after the maturity of the note.

It is contended by the plaintiff that the auction sale which took place inside of the ten-year period was a sufficient exercise of the power of sale to take the case out of the operation of C. S., 2589; or, if not so, Hugh Swan having become the successful bidder, with the right to enforce specific performance, the statute is thereby indefinitely suspended in deference to that right. We cannot accept either proposition as law.

We think we must construe C. S., 2589, in the light of its purpose, which appears to be to give as complete relief against foreclosure by power of sale as has been given against foreclosure by action, in the statute to which it refers—C. S., 437. A further principle of construction which we think applies grows out of the nature of foreclosure under a power of sale and the jealousy with which it is regarded by the courts. It is said to be in derogation of the common law and the statutes relating to it are the subject of strict construction. Wiltsie on Mortgage Foreclosure, 4th Edition, section 833. It is not favored in the law, and its exercise by the mortgagee "will be watched with jealousy." 41 C. J., section 1342, page 924; *Alexander v. Boyd,* 204 N. C., 103, 167 S. E., 462; *Sanderlin v. Cross,* 172 N. C., 234, 90 S. E., 213; *Eubanks v. Becton,* 158 N. C., 230, 75 S. E., 1009; *Fleming v. Barden,* 127 N. C., 214, 37 S. E., 219. It is clear, we think, that where reasonable doubt exists as to the interpretation of the statute in relation to the exercise of such a power, the statute should be strictly construed against such exercise of power and the doubt resolved in favor of the holder of the equitable title.

1. Foreclosure by action at law and foreclosure under power of sale each consist of a series of procedural acts linking into each other and leading to a like result. In foreclosure through the court, the statute definitely picks out the step in the procedure which will bar the running of the statute—the issuing of a summons or commencement of the action. Since the statute with which we are dealing here is, as we have seen, not a statute of limitations which might lend itself conveniently to such particularity, but one which operates on the power generally, it must follow that no act properly included within that power may be performed after the statute has become effective in withdrawing or prohibiting the exercise of the power.

The purpose of foreclosure either by action at law or under a power of sale is to divest the grantor in the instrument, the creator of the

power of sale, of all title to the property conveyed, and transfer the title, both legal and equitable, to the purchaser, in order that the property given in security may be converted into a fund to be applied to the debt. Conveyance is as necessary to complete foreclosure under a power of sale as it is to complete foreclosure by action at law, and all the separate grants of power looking to foreclosure in the power of sale must be included under that label. Such foreclosure is not completed by the auction sale, and the receipt of a successful bid, since this could at most merely give rise to an executory contract of sale, nor is the power of sale then fully exercised.

Interpreting a Massachusetts statute which provided that the right of redemption should continue "until the land has been sold pursuant to the power of sale contained in the mortgage deed," it is said in *Beal v. Attleboro Savings Bank*, 142 N. E., 789, 790 (Mass.) : "The words 'sold pursuant to a power of sale' have been construed to mean an executed sale as distinguished from a mere contract of sale. Referring to these words, it was said in *Way v. Mullett*, 143 Mass., 49, 53, 8 N. E., 881, 883, this clause was 'evidently enacted for the purpose of fixing the time when a foreclosure is complete, under the execution of a power of sale in a mortgage.' " Whereupon, the Court concluded: "The auction sale was in effect a mere contract of sale. The sale was not executed until the deed was delivered, when the title passed to the purchaser." Citing *Fall River Savings Bank v. Sullivan*, 131 Mass., 537; *Dennett v. Perkins*, 214 Mass., 449, 101 N. E., 994. We think this is a clear expression of the law in this State.

The designation "power of sale" is aptly applied to that method of foreclosure, since conveyance is essential to its full exercise, and, of course, to foreclosure. So, it has been held that even though the power of sale does not mention conveyance, such conveyance is incident to its exercise. "The power to exercise a conveyance under a sale by virtue of a power of sale will be inferred as a necessary incident, though not expressed in the power of sale." Jones on Mortgages, 8th Edition, section 2431; *Hyman v. Devereux*, 63 N. C., 624. The word "sale" or "sell," as including the power to convey, has been used without question in wills and deeds containing a power almost immemorially—certainly long before this device made its advent in the field of mortgage foreclosure. *Powell v. Wood*, 149 N. C., 235, 239, 62 S. E., 1071. The power of sale referred to in the statute, and the power upon which the statute operates, is not, therefore, merely the power to effect the executory contract or sale by advertising and "selling" at public auction, but the power to transfer the property to the purchaser by observance of the legal steps provided by law, and the prohibition of the statute is not deferred by its partial exercise.

2. For these reasons, we do not think that the position of the plaintiff is made any better if we concede that Hugh Swan, through whom he derives his title, was the successful bidder at the auction sale and at that time in position to demand specific performance. The contract between the parties can neither repeal nor suspend the statute. Pertinent public statutes affecting them must be read into the contracts to which they apply or, at least, such contracts must be understood to have been made in contemplation of the law. *Hood, Comr., v. Simpson,* 206 N. C., 748, 757, 175 S. E., 193; *Alexander v. Boyd, supra; Bateman v. Sterrett,* 201 N. C., 59, 61, 62, 159 S. E., 14.

We conclude that the prohibition in the statute is effective against any attempted conveyance by the mortgagee or trustee after the lapse of ten years from the maturity of the last payment upon the note, notwithstanding that the auction sale was had within this period.

The deed of W. J. Swan to Hood, Commissioner, having been made after the expiration of such period, is therefore void, and plaintiff derived no title therefrom by *mesne* conveyance. Defendant's motion for nonsuit should have been allowed.

The judgment is

Reversed.